# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VISTEON CORPORATION, et al.,[1] | Case No. 09-11786 (CSS) |
| | Jointly Administered |
| Debtors. | |
| | Re: Docket No. 450, 518 |

## ORDER AUTHORIZING AND APPROVING (A) EXPEDITED PROCEDURES FOR REJECTING EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF PERSONAL AND NON-RESIDENTIAL REAL PROPERTY AND (B) ABANDONING CERTAIN PERSONAL PROPERTY

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, "Visteon" or the "Debtors") for entry of an order (this "Order") authorizing and approving (a) expedited procedures for rejecting executory contracts and unexpired leases of personal and non-residential real property and (b) abandoning certain personal property; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Visteon Corporation (9512); ARS, Inc. (3590); Fairlane Holdings, Inc. (8091); GCM/Visteon Automotive Leasing Systems, LLC (4060); GCM/Visteon Automotive Systems, LLC (7103); Halla Climate Systems Alabama Corp. (9188); Infinitive Speech Systems Corp. (7099); MIG-Visteon Automotive Systems, LLC (5828); SunGlas, LLC (0711); The Visteon Fund (6029); Tyler Road Investments, LLC (9284); VC Aviation Services, LLC (2712); VC Regional Assembly & Manufacturing, LLC (3058); Visteon AC Holdings Corp. (9371); Visteon Asia Holdings, Inc. (0050); Visteon Automotive Holdings, LLC (8898); Visteon Caribbean, Inc. (7397); Visteon Climate Control Systems Limited (1946); Visteon Domestic Holdings, LLC (5664); Visteon Electronics Corporation (9060); Visteon European Holdings Corporation (5152); Visteon Financial Corporation (9834); Visteon Global Technologies, Inc. (9322); Visteon Global Treasury, Inc. (5591); Visteon Holdings, LLC (8897); Visteon International Business Development, Inc. (1875); Visteon International Holdings, Inc. (4928); Visteon LA Holdings Corp. (9369); Visteon Remanufacturing Incorporated (3237); Visteon Systems, LLC (1903); Visteon Technologies, LLC (5291). The location of the Debtors' corporate headquarters and the service address for all the Debtors is: One Village Center Drive, Van Buren Township, Michigan 48111.

having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and no other or further notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The following procedures (the "Rejection Procedures") are approved in connection with the rejection of any executory contract, lease or sublease or interest in such lease or sublease of the Debtors during these cases as follows:

    (a) The Debtors will file consecutively numbered notices to reject any executory contract, lease or sublease, or interest in such lease or sublease, pursuant to section 365 of the Bankruptcy Code[2] (the "Notice"), and will serve the Notice via overnight delivery service upon: (i) the U.S. Trustee's office, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jane M. Leamy, Esq.; (ii) counsel for the Creditors' Committee, Brown Rudnick LLP, Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, and City Place 1, 185 Asylum Street, Hartford, CT 06103, Attn: Howard L. Siegel; (iii) counsel for the administrative agent for the Debtors' senior secured term loan facility, Bingham McCutchen LLP, One Federal Street, Boston, MA 02110, Attn: Amy L. Kyle, and One State St., Hartford, CT 06103, Attn: Peter H. Bruhn; (iv) counsel for the administrative agent for the Debtors' revolving senior secured credit facility, Miller Canfield Paddock & Stone PLC, 150 W. Jefferson, Ste 2500, Detroit, MI 48226, Attn: Stephen S. LaPlante, and Jonathan S. Green, and McGuireWoods LLP, EQT plaza, 625 Liberty Avenue, 23rd Floor, Pittsburgh, PA 15222, Attn: Mark E. Freedlander; (v) any contract counterparty, landlord, and/or subtenant affected by the Notice; and (vi) any other parties in interest who are required to be given notice pursuant to Federal Rule of Bankruptcy Procedure 2002,

---

[2] All capitalized terms used but otherwise not defined herein shall have the meaning set forth in the Motion.

(collectively, the "Service Parties"), advising such parties of the Debtors' intent to reject the specified executory contract, lease, sublease or interest, as well as the deadlines and procedures for filing objections to the Notice (as set forth below). If the Notice is issued by the Debtors prior to the effective date of a plan of reorganization, the affected executory contract, lease, sublease or interest in such lease or sublease shall be deemed to be subject to a motion to reject for all purposes.

(b) The Notice shall be in the form of Exhibit 1 attached hereto, and shall set forth the following information, to the best of the Debtors' knowledge, as applicable: (i) the street address of the real property underlying the lease or sublease, the interest in such personal property lease or sublease, or the type of executory contract which the Debtors seek to reject (listed alphabetically to the extent that the Notice implicates multiple executory contracts, leases or subleases, or interests in any such leases or subleases); (ii) the Debtors' periodic payment obligation, if any, under the contract, lease or sublease, or interest in such lease or sublease; (iii) the remaining term of the contract, lease or sublease, or interest in such lease or sublease; (iv) the name and address of the contract counterparty, landlord, and/or subtenant; (v) a general description of the terms of the executory contract or lease; and (vi) a disclosure describing the procedures for filing objections, if any. The Notice shall be accompanied by a copy of this order granting the relief requested in the Motion. The Notice shall be filed with the Court by the Debtors contemporaneously with service of the Notice as provided for herein. To the extent that any such Notice implicates multiple executory contracts, leases or subleases, or interests in any such leases or subleases, the combined number of executory contracts, leases or subleases, or interests in any such leases or subleases listed in any such Notice shall not exceed 100 in the aggregate.

(c) Should a party in interest object to the proposed rejection by the Debtors of an executory contract, lease or sublease, or interest in such lease or sublease, such party must file and serve a written objection so that such objection is filed with this Court and is actually received by the following parties no later than 10 calendar days after the date the Debtors serve the Notice: (i) counsel for the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: James J. Mazza, Jr., and Sienna R. Singer; (ii) co-counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705, Attn.: Laura Davis Jones, and James E. O'Neill; (iii) counsel for the Creditors' Committee, Brown Rudnick LLP, Seven Times Square, New York, NY 10036, Attn: Robert J. Stark,

3

and City Place 1, 185 Asylum Street, Hartford, CT 06103, Attn: Howard L. Siegel; and (iv) the U.S. Trustee's office, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jane M. Leamy, Esq.

(d) If a timely objection is filed that cannot be resolved, the Court will schedule a hearing to consider the objection only with respect to the rejection of any executory contract, lease or sublease, or interest in such lease or sublease, as to which an objection was properly filed and served. If the Court upholds the objection, and the subject of the objection is the proper effective date of rejection, and the Court determines the effective date of rejection of such executory contract, lease or sublease, or interest in such lease or sublease, that date shall be the rejection date (the "<u>Court Rejection Date</u>"). If such objection is overruled or withdrawn or the Court does not determine the date of rejection, the rejection date of such lease, sublease or interest shall be deemed to have occurred on the Rejection Date or the NRP Lease Rejection Date (as defined below), as applicable.

(e) Absent an objection being filed in compliance with subparagraph (c) of this paragraph, the rejection of each executory contract, lease or sublease, or interest in such lease or sublease, shall become effective 10 calendar days after the date the Debtors served the Notice on the Service Parties (the "<u>Rejection Date</u>") without further notice, hearing or order of this Court; <u>provided</u>, <u>however</u>, that with respect to leases or subleases for non-residential real property, such rejection shall become effective on the later of (i) the Rejection Date or (ii) the date the Debtors unequivocally relinquish control of the premises to the affected landlord by turning over keys or "key codes" to the affected landlord (the "<u>NRP Lease Rejection Date</u>"). The Debtors may, but are not required to, submit a proposed order, together with a Certificate of No Objection, to the Court for entry on the docket.

(f) If the Debtors have deposited monies with a lessor or contract counterparty as a security deposit or other arrangement, such lessor or contract counterparty may not setoff or otherwise use such deposit without the prior authority of the Court.

(g) With respect to any personal property of the Debtors located at any of the premises subject to any Notice, the Debtors shall remove such property prior to the expiration of the period within which a party must file and serve a written objection pursuant to subparagraph (c) above. If the Debtors determine that the value of any personal property at a particular location has a <u>de minimis</u> value or the cost of removing such property exceeds the value of

4

such property, the Debtors shall generally describe the property in the Notice and, absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, where is, effective as of the date of the rejection of the underlying unexpired lease. Nothing in this subparagraph (g) shall affect BIT Holdings Thirty-Four, Inc.'s right to assert a claim relating to alleged costs incurred by BIT Holdings Thirty-Four, Inc. in connection with the removal of any personal property abandoned pursuant to this Order on the premises of the leased property commonly known by the parties as 45000 Helm Street, Plymouth Township, Michigan.

3. Upon the rejection of an executory contract, lease or sublease or interest in such lease or sublease, pursuant to this Order, all affected parties to such rejected executory contract, lease or sublease, or interest in such lease or sublease, shall be required to file a rejection damages claim, if any, by the later of (a) the claims bar date established in these chapter 11 cases, and (b) 30 days after the Court Rejection Date, the Rejection Date, or the NRP Lease Rejection Date if later than the Rejection Date, as applicable.

4. The Debtors, in their sole discretion, may remove any property from the premises that is the subject of any rejected lease or contract, consistent with the Debtors' ownership rights or other property interests therein.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: July 16, 2009

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge