# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VISTEON CORPORATION., et al.,[1] | ) Case No. 09-11786 (CSS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Hearing Date: August 13, 2009 at 3:00 p.m. (ET)** |
| | ) **Objection Deadline: August 6, 2009 at 4:00 p.m. (ET)** |
| | ) |

## APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(A) AND 328(A) AUTHORIZING EMPLOYMENT OF CHANIN CAPITAL PARTNERS AS INVESTMENT BANKER FOR THE OFFICIAL COMMITTEEOF UNSECURED CREDITORS NUNC PRO TUNC TO JUNE 10, 2009

The Official Committee of Unsecured Creditors (the "Committee") of Visteon Corporation ("Visteon") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" or the "Company") in the above-captioned chapter 11 cases (the "Cases"), hereby submit this application (the "Application") for entry of an order, pursuant to sections 327 (a) 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Visteon Corporation (9512); ARS, Inc. (3590); Fairlane Holdings, Inc. (8091); GCM/Visteon Automotive Leasing Systems, LLC (4060); GCM/Visteon Automotive Systems, LLC (7103); Halla Climate Systems Alabama Corp. (9188); Infinitive Speech Systems Corp. (7099); MIG-Visteon Automotive Systems, LLC (5828); SunGlas, LLC (0711); The Visteon Fund (6029); Tyler Road Investments, LLC (9284); VC Aviation Services, LLC (2712); VC Regional Assembly & Manufacturing, LLC (3058); Visteon AC Holdings Corp. (9371); Visteon Asia Holdings, Inc. (0050); Visteon Automotive Holdings, LLC (8898); Visteon Caribbean, Inc. (7397); Visteon Climate Control Systems Limited (1946); Visteon Domestic Holdings, LLC (5664); Visteon Electronics Corporation (9060); Visteon European Holdings Corporation (5152); Visteon Financial Corporation (9834); Visteon Global Technologies, Inc. (9322); Visteon Global Treasury, Inc. (5591); Visteon Holdings, LLC (8897); Visteon International Business Development, Inc. (1875); Visteon International Holdings, Inc. (4928); Visteon LA Holdings Corp. (9369); Visteon Remanufacturing Incorporated (3237); Visteon Systems, LLC (1903); Visteon Technologies, LLC (5291). The location of the Debtors' corporate headquarters and the service address for all the Debtors is: One Village Center Drive, Van Buren Township, Michigan 48111.

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (as amended, the "Local Rules"), authorizing the employment and retention of Chanin Capital Partners, LLC, ("Chanin") as investment banker to the Committee, nunc pro tunc to June 10, 2009.

In support of this Application, the Committee submits the Declaration of Brent C. Williams in support of the Application (the "Williams Affidavit"), attached hereto as Exhibit A. In further support of the Application, the Committee respectfully states as follows:

## **Background**

1. On May 28, 2009 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

2. On June 8, 2009 (the "Committee Formation Date"), the Office of the United States Trustee appointed the Committee.

3. On the Committee Formation Date, the Committee selected Brown Rudnick LLP and Ashby & Geddes, P.A. as its counsel, and on June 10, 2009, the Committee selected Chanin as its investment banker and FTI Consulting, Inc. ("FTI") as its financial advisor.

## **Relief Requested**

4. The Committee seeks to employ Chanin as its investment banker in connection with these Cases nunc pro tunc to June 10, 2009, because it required Chanin's immediate help on that date. Chanin has assisted and advised numerous committees, trustees, secured creditors, debtors, and other constituencies in the Chapter 11 process and is experienced in analyzing and testifying regarding corporate restructuring issues and measuring the economics of any potential merger and acquisition transactions.

5. Pursuant to Bankruptcy Code Sections 328 and 1103(b), the Committee requests that the Court approve the employment of Chanin as the Committee's investment banker. The Committee needs assistance in collecting and analyzing financial and other information in relation to these Chapter 11 cases. Chanin's experience makes it qualified to do the work in this case.

### Scope of Services

6. The Committee anticipates that Chanin may render the following services in this case:

   i. Analyze and evaluate the liquidity position and financial condition of the Debtors;
   ii. Review, analyze and monitor DIP financing and other financing alternatives;
   iii. Review and analyze the Company's operations and business and financial projections, including but not limited to, financial condition, business plan, strategy, operating forecasts, cash flow projections, and budgets;
   iv. Determine a theoretical range of values for the Company on a going concern basis as well as any securities to be issued or distributed in connection with the Chapter 11 cases, including without limitation any securities to be distributed under a plan of reorganization;
   v. Analyze proposed sales of assets of the Debtors, the terms thereof and options and issues relating thereto, including strategic alternatives available to the Debtors;
   vi. Assist the Committee in any plan of reorganization negotiations;
   vii. Provide testimony, including without limitation expert testimony, as necessary, in any proceeding before the Court; and
   viii. Provide the Committee with other appropriate general restructuring advice.

### No Duplication of Services

7. The Committee has also filed an application for authority to retain FTI as financial

advisor to the Committee. The financial advisory services that FTI is to provide to the Committee are separate and distinct from the investment banking services that Chanin will be providing to the Committee. In order to ensure that there is no unnecessary duplication of services by either firm during the pendency of these chapter 11 cases, Chanin and FTI will coordinate on the services they are providing to the Committee.

### Terms of Retention

8. Subject to Court approval and in accordance with Bankruptcy Code Section 328(a), the Bankruptcy Rules, applicable U.S. Trustee guidelines and the Local Rules, Chanin will seek payment for compensation on a fixed monthly basis of $175,000 per month for the first two months, and $150,000 per month thereafter (the "Monthly Fixed Fee"), and a restructuring transaction fee of $1,500,000 (the "Restructuring Transaction Fee"), plus reimbursement of actual and necessary expenses incurred by Chanin, as set forth in the Williams Affidavit and Chanin's engagement letter (the "Engagement Letter"). A copy of the Engagement Letter is attached hereto as Exhibit B. The Restructuring Transaction Fee will be considered earned and payable, subject to Bankruptcy Court approval, on the effective date of a Restructuring Transaction (as defined in the Engagement Letter). The Committee submits that such fees are reasonable and in the range of compensation as compared to other professional services firms providing similar financial advisory and related investment banking services.

9. Chanin will maintain detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services. Chanin's restructuring professionals do as a practice, and in the Debtors' cases will as a practice, keep time records detailing and describing their daily activities, the identity of persons who performed such tasks and the amount of time expended on a daily basis. Chanin will record its time in increments of 1/2 of one hour. Chanin intends to apply to this Court for allowance of compensation and reimbursement of

4

expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and Orders of this Court. Notwithstanding the foregoing, the Committee requests that Chanin be authorized to file its fee applications in accordance with the streamlined time recording format outlined above.

10. To the best of the Committee's knowledge, information and belief, other than in connection with this case, Chanin has no connection with, and holds no interest adverse to, the Debtors, its estate, its creditors, or any other party in interest herein or their respective attorneys in the matter for which Chanin is proposed to be retained, except that Chanin may have represented, and may continue to represent, certain of the Debtors' creditors or other parties or interests adverse to such creditors or parties in interest in matters unrelated to these Chapter 11 cases, as may be disclosed in the Williams Affidavit.

11. To the best of the Committee's knowledge and based upon the Williams Affidavit, Chanin is a "disinterested person," as defined in Bankruptcy Code Section 101(14) and as required by Bankruptcy Code Section 328.

## Notice

12. Notice of this Application has been given to (i) the Debtors, (ii) the United States Trustee and (iii) those parties requesting notice pursuant to Local Rule 2002-1(b). In light of the nature of the relief requested, the Committee submits that no further notice is required.

## No Prior Request

13. No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Committee respectively requests entry of the proposed Order Authorizing Employment of Chanin as investment banker for the Committee, <u>nunc pro tunc</u> to June 10, 2009, attached as Exhibit C, and for such other further relief as is proper and just.

Date: July 22, 2009

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VISTEON CORPORATION, <u>et al</u>.

By: /s/ Timothy C. Reuter
Timothy C. Reuter, Chair of the Committee