# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VISTEON CORPORATION., et al.,[1] | ) Case No. 09-11786 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Related to Docket No. 654** |

## ORDER UNDER 11 U.S.C. §§ 327(A) AND 328(A) AUTHORIZING RETENTION OF CHANIN CAPITAL PARTNERS AS RESTRUCTURING AND FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to sections 327(a), 328(a) and 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing them to retain Chanin Capital Partners ("Chanin"), as investment banker to the Committee, nunc pro tunc to June 10, 2009; and upon the Affidavit of Brent C. Williams in support of the Application; and upon that certain Fifth Supplemental Interim Order (I) Authorizing the Use of Cash Collateral Under 11 U.S.C. § 363, (II) Granting Adequate Protection Under 11 U.S.C. §§ 361, 362, and 363, and (III) Scheduling a Final Hearing Under Bankruptcy Rule 4001(B) (together with any

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Visteon Corporation (9512); ARS, Inc. (3590); Fairlane Holdings, Inc. (8091); GCM/Visteon Automotive Leasing Systems, LLC (4060); GCM/Visteon Automotive Systems, LLC (7103); Halla Climate Systems Alabama Corp. (9188); Infinitive Speech Systems Corp. (7099); MIG-Visteon Automotive Systems, LLC (5828); SunGlas, LLC (0711); The Visteon Fund (6029); Tyler Road Investments, LLC (9284); VC Aviation Services, LLC (2712); VC Regional Assembly & Manufacturing, LLC (3058); Visteon AC Holdings Corp. (9371); Visteon Asia Holdings, Inc. (0050); Visteon Automotive Holdings, LLC (8898); Visteon Caribbean, Inc. (7397); Visteon Climate Control Systems Limited (1946); Visteon Domestic Holdings, LLC (5664); Visteon Electronics Corporation (9060); Visteon European Holdings Corporation (5152); Visteon Financial Corporation (9834); Visteon Global Technologies, Inc. (9322); Visteon Global Treasury, Inc. (5591); Visteon Holdings, LLC (8897); Visteon International Business Development, Inc. (1875); Visteon International Holdings, Inc. (4928); Visteon LA Holdings Corp. (9369); Visteon Remanufacturing Incorporated (3237); Visteon Systems, LLC (1903); Visteon Technologies, LLC (5291). The location of the Debtors' corporate headquarters and the service address for all the Debtors is: One Village Center Drive, Van Buren Township, Michigan 48111.

further supplemental interim order and/or final order, the "ABL Cash Collateral Order"); and upon that certain Stipulation, Agreement, and Final Order on Consent (I) Authorizing Use of Prepetition Term Loan Priority Collateral and Term Loan Cash Collateral Under 11 U.S.C. § 361; and (II) Granting Adequate Protection Under 11 U.S.C. §§ 361, 362, and 363 (together with any further stipulation and/or final order, the "Term Cash Collateral Order"); and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that Chanin is not representing any adverse interests in connection with these cases; and it appearing that the relief requested in the Application is in the best interest of the Committee; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Application be, and it hereby is, granted; and it is further

ORDERED that the capitalized terms not defined herein shall have the meanings ascribed to them in the Application; and it is further

ORDERED that in accordance with Bankruptcy Code Section 1103, the Committee is authorized to employ and retain Chanin as of June 10, 2009 as its investment banker under Bankruptcy Code Section 328(a) on the terms set forth in the Application; and it is further

ORDERED that to the extent accrued during their retention, Chanin shall receive its Monthly Fixed Fee, and the Restructuring Transaction Fee as specified in their Application subject to the approval of this Court; provided however, that in the event a Carve Out Trigger Notice (as defined in the ABL Cash Collateral Order and the Term Cash Collateral Order) is issued, or upon Court approval of a chapter 11 liquidating plan to which the Prepetition Term Agent or the Prepetition ABL Agent has not consented, the Restructuring Transaction Fee shall

not be part of the Carve Out (as defined in the ABL Cash Collateral Order and Term Cash Collateral Order) and shall not be paid out of the Carve Out Reserve (as defined in the ABL Cash Collateral Order and Term Cash Collateral Order); and it is further

ORDERED that to the extent accrued during their retention, Chanin is entitled to reimbursement of actual and necessary expenses, including any reasonable legal fees incurred for Chanin's defense of its retention and fee applications in this matter, subject to Court approval; and it is further

ORDERED, that notwithstanding anything to the contrary in the Application or this Order, the US Trustee shall retain the right and be entitled to object to Chanin's requests for interim and final compensation and reimbursement. This Order and the record relating the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the US Trustee to challenge the reasonableness of Chanin's compensation under Bankruptcy Code sections 330 and 331. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the US Trustee, on appeal or otherwise, with respect to the reasonableness of Chanin's compensation; and it is further

ORDERED that the indemnification provisions of the Engagement Letter are approved, subject during the pendency of these chapter 11 cases to the following:

    a.    Chanin shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

    b.    Notwithstanding any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify Chanin, or provide contribution or reimbursement to Chanin, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from Chanin's gross negligence or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Chanin's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be

permissible pursuant to In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to Chanin's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which Chanin should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

c. If, before the earlier of (i) the entry of an order confirming a Chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 cases, Chanin believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Chanin must file an application therefore in this Court, and the Debtors may not pay any such amounts to Chanin before the entry of an order by this Court approving the payment. This subparagraph c. is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Chanin for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Chanin.

d. Any limitation on liability or any amounts to be contributed by the parties to the Engagement letter under the terms of the Engagement Letter shall be eliminated; and it is further

ORDERED that Chanin shall provide hours expended at a summarized level that includes the total number of hours worked by professional and the total number of hours spent by task category. For each task category, Chanin shall provide an explanation of the type of work performed; and it is further

ORDERED that this court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: 9/11, 2009

Honorable Christopher S. Sontchi
United States Bankruptcy Judge