# **EXHIBIT A**

K&E 15569916.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VISTEON CORPORATION, et al.,[1] | ) | Case No. 09-11786 (CSS) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re: Docket No. _____** |

## ORDER AUTHORIZING
## THE IMPLEMENTATION OF THE AMENDED INCENTIVE PROGRAM

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for entry of an order (the "Order") authorizing, but not directing, the Debtors to implement and make payments under the Amended Incentive Program; and upon the *Declaration of William G. Quigley, III, Chief Financial Officer and Executive Vice President of Visteon Corporation, in Support of the Motion of the Debtors for Entry of an Order Authorizing the Implementation of the Amended Incentive Program* and the *Declaration of Douglas J. Friske, Managing Principal of Towers Perrin, in Support of the Motion of the Debtors for Entry of an Order Authorizing the Implementation of the Amended Incentive Program*; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Visteon Corporation (9512); ARS, Inc. (3590); Fairlane Holdings, Inc. (8091); GCM/Visteon Automotive Leasing Systems, LLC (4060); GCM/Visteon Automotive Systems, LLC (7103); Infinitive Speech Systems Corp. (7099); MIG-Visteon Automotive Systems, LLC (5828); SunGlas, LLC (0711); The Visteon Fund (6029); Tyler Road Investments, LLC (9284); VC Aviation Services, LLC (2712); VC Regional Assembly & Manufacturing, LLC (3058); Visteon AC Holdings Corp. (9371); Visteon Asia Holdings, Inc. (0050); Visteon Automotive Holdings, LLC (8898); Visteon Caribbean, Inc. (7397); Visteon Climate Control Systems Limited (1946); Visteon Domestic Holdings, LLC (5664); Visteon Electronics Corporation (9060); Visteon European Holdings Corporation (5152); Visteon Financial Corporation (9834); Visteon Global Technologies, Inc. (9322); Visteon Global Treasury, Inc. (5591); Visteon Holdings, LLC (8897); Visteon International Business Development, Inc. (1875); Visteon International Holdings, Inc. (4928); Visteon LA Holdings Corp. (9369); Visteon Remanufacturing Incorporated (3237); Visteon Systems, LLC (1903); Visteon Technologies, LLC (5291). The location of the Debtors' corporate headquarters and the service address for all the Debtors is: One Village Center Drive, Van Buren Township, Michigan 48111.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

K&E 15569916.

the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on this Motion under the circumstances and no other or further notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having overruled any objections to the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted in its entirety.

2. The Amended Incentive Program, including: (a) implementation of the KEIP and (b) authority to honor the LTIP, is approved in all respects.

3. To the extent the Debtors have not already emerged from chapter 11, the Debtors shall seek Court approval to implement any incentive programs based on achievements in 2010 and shall consult with the Committee prior to establishing the incentive metrics under any proposed incentive program.

4. The Debtors shall give the Committee three business days advance notice of award calculations prior to making any distribution to employees under either the KEIP or LTIP, provided, however, that the Debtors are authorized to make distributions to employees without affirmation of the award calculations from the Committee.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Date: _____, 2009

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge