# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 11** |
| VISTEON CORP, et al. ) | Case No. 09-11786 (CSS) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | Objection Deadline: Sept. 30, 2009 @ 4 p.m. |
| ) | Hearing Date: Oct. 7, 2009 @ 10 a.m. |
| ) | Ref. Docket No. 994 |

## JOINDER OF THE IUE-CWA TO THE OBJECTION OF THE UAW TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE IMPLEMENTAION OF THE VISTEON AMENDED INCENTIVE PROGRAM

The IUE-CWA, by and through the undersigned counsel, hereby join in the objection of UAW to the Debtors' Motion for Entry of an Order Authorizing the Implementation of the Amended Incentive Program, and in support thereof show as follows:

1. On September 17, 2009 the Debtors filed their Motion for Entry of an Order Authorizing the Implementation of the Amended Incentive Program (the "Plan").

2. On September 30, 2009 the UAW filed its objection to the Debtors' Motion for Entry of an Order Authorizing the Implementation of the Amended Incentive Program.

3. The IUE-CWA represents approximately 2,100 retirees and dependents who are owed medical and life insurance benefits pursuant to the provisions of applicable collective bargaining agreements, plan documents, and summary plan descriptions.

4. As described in the UAW's Objection, the Plan would pay approximately $5.4 million to $8.1 million in bonuses to the Debtors' twelve board-elected officers. These bonuses would be paid in two parts. The first part would be paid upon the Debtors' emergence from bankruptcy. The second half would be paid upon the Debtors' achievement of a certain adjusted EBITDA.

5. Because the Plan provides payment to insiders for simply staying with the Debtors, it is a retention plan and therefore violates the terms of Section 503(c)(1) of the Bankruptcy Code, 11 U.S.C. §503(c)(1). Indeed, while the first part of the bonus would be paid when the Debtors emerge from Bankruptcy, the Plan does not specify when the emergence has to take place. Instead, it simply rewards the officers for being on payroll when the emergence occurs. Similarly, the second part of the bonus will be paid when and if the Debtors achieve an adjusted EBITDA of $112.6 million. However, the Plan offers no explanation of how such achievement would require the sustained efforts of each of the intended recipients of the bonus. By the time the Motion is heard, it will be in the final weeks of the final quarter of 2009, and it is unclear what incentive, if any, the second part of the bonus will provide. Instead, like the first part of the bonus, the second part of the bonus simply rewards the officers for being on payroll when the achievement occurs.

6. Even if the Plan is deemed acceptable pursuant to Section 503(c)(1), the Motion should be denied because the Plan is not justified under the "facts and circumstances of the case" within the meaning of Section 503(c)(3). First, the Plan fails to establish that bonuses provide a true incentive either to promptly emerge the Debtors from bankruptcy or achieve the specified EBITDA target. Second, the Plan limits bonuses to a small group of top-level officers, while the Debtors seek to simultaneously eliminate its burden to provide health and life insurance benefits to thousands of IUE-CWA retirees. Third, the Plan is not consistent with the standards in the automotive industry, which is suffering one of the worst economic crises in its history. Fourth, the Debtors have not established that they or their compensation consultants, Towers Perrin, performed due diligence in formulating the Plan.

Fifth, the Debtors have not established that they received independent counseling in formulating the Plan.

    The IUE-CWA hereby joins in the UAW Objection for the reasons stated therein.

                              KENNEDY JENNIK & MURRAY, P.C.

                              */s/ Susan M. Jennik*
                              Susan M. Jennik
                              113 University Place, 7th Floor
                              New York, NY 10003
                              (212) 358-1500
                              (212) 358-0207 Fax
                              sjennik@kjmlabor.com

                              and

                              COOCH AND TAYLOR, P.A.

                              */s/ Susan E. Kaufman*
                              Susan E. Kaufman (DSB # 3381)
                              The Brandywine Building
                              1000 West Street, 10th Floor
                              Wilmington, DE 19801
                              (302) 984-3820
                              (302) 984-3939 Fax
                              skaufman@coochtaylor.com

                              Attorneys for IUE-CWA

Date: September 30, 2009