## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| VISTEON CORPORATION, et al.,[1] | ) Case No. 09-11786 (CSS) |
|  | ) |
|  | ) Jointly Administered |
| Debtors. | ) |
|  | ) **Hearing Date: December 10, 2009 at 10:00 am ET** |
|  | ) **Objection Deadline: December 3, 2009 at 4:00 pm ET** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## AUTHORIZING CERTAIN ACTIONS WITH RESPECT
## TO CERTAIN JOINT VENTURE ENTITIES

The above-captioned debtors and debtors in possession (collectively, the "Debtors" and

with their non-Debtor affiliates, "Visteon") file this motion (this "Motion") for entry of an order

substantially in the form attached hereto as **Exhibit A**, authorizing the Debtor, Visteon

International Holdings, Inc. ("VIHI"), to take certain actions with respect to two existing joint

ventures with Tata AutoComp Systems Limited ("TACO")—Tata Visteon Automotive Private

Limited ("TVAP") and TACO Visteon Engineering Private Limited ("TVEC" and, together with

TVAP, the "Joint Ventures"). In support of this Motion, the Debtors respectfully represent as

follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Visteon Corporation (9512); ARS, Inc. (3590); Fairlane Holdings, Inc. (8091); GCM/Visteon Automotive Leasing Systems, LLC (4060); GCM/Visteon Automotive Systems, LLC (7103); Infinitive Speech Systems Corp. (7099); MIG-Visteon Automotive Systems, LLC (5828); SunGlas, LLC (0711); The Visteon Fund (6029); Tyler Road Investments, LLC (9284); VC Aviation Services, LLC (2712); VC Regional Assembly & Manufacturing, LLC (3058); Visteon AC Holdings Corp. (9371); Visteon Asia Holdings, Inc. (0050); Visteon Automotive Holdings, LLC (8898); Visteon Caribbean, Inc. (7397); Visteon Climate Control Systems Limited (1946); Visteon Domestic Holdings, LLC (5664); Visteon Electronics Corporation (9060); Visteon European Holdings Corporation (5152); Visteon Financial Corporation (9834); Visteon Global Technologies, Inc. (9322); Visteon Global Treasury, Inc. (5591); Visteon Holdings, LLC (8897); Visteon International Business Development, Inc. (1875); Visteon International Holdings, Inc. (4928); Visteon LA Holdings Corp. (9369); Visteon Remanufacturing Incorporated (3237); Visteon Systems, LLC (1903); Visteon Technologies, LLC (5291). The location of the Debtors' corporate headquarters and the service address for all the Debtors is: One Village Center Drive, Van Buren Township, Michigan 48111.

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105, 363(b), and 363(c) of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relief Requested

4. At the request of TACO and to provide additional assurance of VIHI's authority to provide the consents contemplated thereby, in connection with TACO's proposed sale of its equity interests in the Joint Ventures to Visteon Technical and Services Centre Private Limited, a non-debtor affiliate of the Debtors organized under the laws of the Republic of India ("VTSC"), the Debtors seek entry of an order authorizing VIHI to (a) provide written consent to the proposed sales as required by the JV Agreements (as defined below), (b) provide written acknowledgment and consent to the termination of the respective JV Agreements (as defined below) in connection with the proposed sales, and (c) perform all such other actions necessary or appropriate to implement, execute, and effect the sale of TACO's equity interests in the Joint Ventures.

## Background

### A. The Chapter 11 Cases

5. On May 28, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has

been made in these chapter 11 cases. On June 8, 2009, the United States Trustee for the District of Delaware (the "United States Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 178]. These cases are jointly administered.

6.     As described in the Declaration of William G. Quigley, III, Chief Financial Officer and Executive Vice President of Visteon Corporation in Support of First Day Pleadings [Docket No. 20], Visteon is a leading global supplier of climate systems, interiors, lighting, electronics, and other automotive systems, modules, and components to original equipment manufacturers, as well as the automotive aftermarket. Visteon has three main product lines— electronics, climate systems, and interior systems for automobile manufacturers.

## B.     The Joint Ventures

7.     On or about March 3, 2005, VIHI and TACO, a subsidiary of Tata Motors Limited ("Tata Motors"), entered into certain joint venture agreements in connection with the formation of TVAP (the "TVAP JV Agreement") and TVEC (the "TVEC JV Agreement" and, together with the TVAP JV Agreement, the "JV Agreements")—both 50/50 joint ventures of VIHI and TACO organized under the laws of the Republic of India. Since its formation, TVAP has manufactured lighting and air induction systems in a plant in Pune, India and is currently a major lighting supplier to Tata Motors. TVEC operates an engineering center in Pune, India dedicated solely to serving certain of Visteon's global engineering requirements.

8.     In March 2009, TACO expressed its intent to exit the Joint Ventures as part of a realignment of its component joint venture businesses. To effect the proposed exit, on November 17, 2009, TACO entered into agreements with VTSC, and TVAP and TVEC, respectively (the "Stock Purchase Agreements"), pursuant to which VTSC will ultimately purchase TACO's 50% interest in both TVAP and TVEC.

9.     Pursuant to the terms of the JV Agreements, the prior written consent of VIHI, a debtor in these chapter 11 cases, is required for TACO to transfer all or any portion of its interest in TVAP or TVEC to a party that is not an affiliate of TACO.  As a result, and as a condition precedent to the effectiveness of the Stock Purchase Agreements, VIHI must provide its written consent to the transfers to VTSC contemplated therein.  Additionally, the Stock Purchase Agreements provide for the termination of the respective JV Agreements as of the effective date of the Stock Purchase Agreements.  As a condition precedent to the effectiveness of the Stock Purchase Agreements, TACO has requested VIHI's written acknowledgment and consent to the termination of the JV Agreements, which, by their terms, terminate automatically upon the transfer of 100% of the interest held by VIHI or TACO in the joint venture to the other party or to a third party.

### Basis for Relief

10.     Although the Debtors believe that VIHI's provision of written consent to the transfers contemplated by the Stock Purchase Agreements and the termination of the JV Agreements in connection therewith (the "Written Consent") is within the ordinary course of its business, TACO has requested additional assurance that VIHI is authorized to provide the Written Consent.  Thus, out of an abundance of caution and to provide the requested assurance, the Debtors seek court authority for VIHI to provide the Written Consent pursuant to section 363 of the Bankruptcy Code.

11.     To the extent that VIHI's provision of the Written Consent is not within the Debtors' ordinary course of business, the relief requested herein should be granted pursuant to section 363(b)(1) of the Bankruptcy Code as consummation of the transactions contemplated by the Stock Purchase Agreements—and Visteon's ultimate ownership of 100% of the Joint Ventures—would provide clear benefits to the Debtors and their estates.  Section 363(b)(1) of

the Bankruptcy Code provides, in relevant part, that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under section 363(b)(1) of the Bankruptcy Code, this Court should approve a non-ordinary course transaction if the proposed use of estate assets constitutes a reasonable exercise of the Debtors' business judgment. In re Martin, 91 F.3d 389, 395 (3rd Cir. 1996) (stating that courts generally defer to the trustee's judgment so long as there is a legitimate business justification).

12.     If a valid business justification exists for the use or sale of property of the estate, a debtor's decision enjoys a strong presumption that "in making a business decision the directors . . . acted on an informed basis, in good faith and in an honest belief that the action taken was in the best interests of the company." In re Integrated Res., Inc., 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)); see also In re Bridgeport Holdings, Inc., 388 B.R. 548, 567 (Bankr. D. Del. 2008) (stating that directors enjoy a presumption of honesty and good faith with respect to negotiating and approving a transaction involving a sale of assets). Indeed, when applying the "business judgment" standard, courts show great deference to a debtor's business decisions. In re Troll Commc'ns, LLC, 385 B.R. 110, 118 (Bankr. D. Del. 2008).

13.     Here, VIHI's provision of the Written Consent is well within the sound exercise of its business judgment. The Debtors believe that VTSC's purchase of TACO's interests in the Joint Ventures will enhance the Joint Ventures' strategic value to the Debtors' global operations, as well as fulfill the requirement under Indian corporate law that the Joint Ventures have at least two shareholders of record. Indeed, the Debtors believe that significant operational and administrative efficiencies may be achieved as a result of Visteon's 100% ownership of TVAP

and TVEC. For example, full ownership of TVEC will allow Visteon to enhance the scale of its low-cost engineering operations without the intellectual property concerns related to a joint venture. Accordingly, the Debtors submit that VIHI's provision of the Written Consent is in the best interest of the Debtors and their estates and should be approved.

### Request for Waiver of Stay

14. Pursuant to Bankruptcy Rule 6004(h), the Debtors seek a waiver of any stay of the effectiveness of such an order. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h) As set forth above, absent immediate relief, the Debtors may be unable to utilize the benefits of its consolidated hedging process to mitigate against the fluctuations in foreign currency exchange rates. As such, the Debtors respectfully submit that waiver of any stay of the effectiveness of such an order is warranted.

### Notice

15. Notice of this motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the ad hoc group of lenders for the Debtors' senior secured term loan facility; (c) counsel for the administrative agent for the Debtors' senior secured term loan facility; (d) counsel for the administrative agent for the Debtors' revolving senior secured credit facility; (e) the indenture trustee for each of the Debtors' outstanding unsecured bond issuances; (f) the Committee; (g) those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

16.     No prior request for the relief sought in this Motion has been made to this or any

other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the

form attached hereto as **Exhibit A**, (a) authorizing VIHI to provide the Written Consent and (b)

granting such other further relief as is just and proper.

Dated: November 18, 2009          **PACHULSKI STANG ZIEHL & JONES LLP**

/s/ Mark M. Billion
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Mark M. Billion (DE Bar No. 5263)
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
E-mail:          ljones@pszjlaw.com
                    joneill@pszjlaw.com
                    tcairns@pszjlaw.com

- and -

**KIRKLAND & ELLIS LLP**
James H. M. Sprayregen, P.C. (IL 6190206)
Marc Kieselstein, P.C. (IL 6199255)
James J. Mazza, Jr. (IL 6275474)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Attorneys for the Debtors and Debtors in
Possession*