IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | ) Chapter 11 |
| VISTEON CORPORATION, et al.,[1] ) | ) Case No. 09-11786 (CSS) |
| ) | ) Jointly Administered |
| Debtors. ) | |

## MOTION TO SHORTEN NOTICE AND OBJECTION PERIODS FOR DEBTORS' MOTION FOR ORDER AUTHORIZING EXECUTION AND IMPLEMENTATION OF PLAN SUPPORT AGREEMENT

The above-captioned debtors and debtors-in-possession (collectively, "Visteon" or the "Debtors") by this motion (the "Motion to Shorten") request that the Court enter an order, in substantially the form attached hereto as **Exhibit A** (the "Order"), fixing a hearing date at the Court's earliest convenience and shortening the notice period for *Debtors' Motion for Order Authorizing Execution and Implementation of Plan Support Agreement* (the "Motion") filed contemporaneously herewith.[2]

### Jurisdiction

1. This Court has jurisdiction to hear this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Visteon Corporation (9512); ARS, Inc. (3590); Fairlane Holdings, Inc. (8091); GCM/Visteon Automotive Leasing Systems, LLC (4060); GCM/Visteon Automotive Systems, LLC (7103); Infinitive Speech Systems Corp. (7099); MIG-Visteon Automotive Systems, LLC (5828); SunGlas, LLC (0711); The Visteon Fund (6029); Tyler Road Investments, LLC (9284); VC Aviation Services, LLC (2712); VC Regional Assembly & Manufacturing, LLC (3058); Visteon AC Holdings Corp. (9371); Visteon Asia Holdings, Inc. (0050); Visteon Automotive Holdings, LLC (8898); Visteon Caribbean, Inc. (7397); Visteon Climate Control Systems Limited (1946); Visteon Domestic Holdings, LLC (5664); Visteon Electronics Corporation (9060); Visteon European Holdings Corporation (5152); Visteon Financial Corporation (9834); Visteon Global Technologies, Inc. (9322); Visteon Global Treasury, Inc. (5591); Visteon Holdings, LLC (8897); Visteon International Business Development, Inc. (1875); Visteon International Holdings, Inc. (4928); Visteon LA Holdings Corp. (9369); Visteon Remanufacturing Incorporated (3237); Visteon Systems, LLC (1903); Visteon Technologies, LLC (5291). The location of the Debtors' corporate headquarters and the service address for all the Debtors is: One Village Center Drive, Van Buren Township, Michigan 48111.

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relief Requested

4.  The Debtors seek to have the Motion heard as soon as the Court's schedule permits. The Debtors also request that the deadline for objections to the Motion be set as 4:00 p.m. Eastern Time on the date immediately preceding the hearing on the Motion.

## Background

5.  As described in more detail in the Motion, after several weeks of negotiations, the Debtors and certain holders of claims under Visteon's prepetition term loan facility (collectively, the "Consenting Holders") have agreed to the terms of a revised plan of reorganization (the "Plan") that represents the best path toward a successful conclusion to these cases.

6.  Under the Plan, holders of Term Loan Facility Claims will receive 85% of the common stock in reorganized Visteon. Given this treatment it is essential that the holders of such claims vote in favor of the Plan. To ensure the Consenting Holders' continued support of the Plan throughout the confirmation process, the Debtors and the Consenting Holders, subject to Court approval, intend to enter into a plan support agreement (the "Plan Support Agreement"). Given the significant efforts expended by all parties to facilitate the filing of the Plan and the interests of all stakeholders in the Plan's confirmation, the Debtors and the Consenting Holders believe that it is in the best interest of the estates to enter into the Plan Support Agreement immediately. Accordingly, the Debtors request the Court schedule a hearing on the motion seeking approval of the Plan Support Agreement at the Court's earliest convenience.

K&E 16437160.5

## Basis for Relief

7. Although Bankruptcy Rule 2002(a) contemplates a minimum of 21 days notice prior to any hearing on a motion proposing to use, sell, or lease property of the estate other than in the ordinary course of business, Local Bankruptcy Rule 9006-1(e) permits earlier hearing dates if "the exigencies justify[] shortened notice." Given the significance of securing the Consenting Holders' support for the plan and the fact the Court's approval of the Plan Support Agreement is required before the Consenting Holders will execute the Plan Support Agreement, the Debtors submit that such exigencies are present here.

8. Importantly, the requested relief will not prejudice the rights of any other parties that may be interested in proposing an alternative plan of reorganization because, under the terms of the Plan Support Agreement, the Debtors will maintain the flexibility in accordance with their fiduciary duties to fully review and consider any additional proposals that they receive.

## Notice

9. Notice of this Motion to Shorten has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the official committee of unsecured creditors; (c) counsel to the ad hoc group of lenders for the Debtors' prepetition senior secured term loan facility; (d) counsel for the administrative agent for the Debtors' prepetition senior secured term loan facility; (e) counsel for the administrative agent for the Debtors' debtor-in-possession credit facility; (f) counsel for the administrative agent for the Debtors' prepetition revolving senior secured credit facility; (g) the indenture trustee for each of the Debtors' outstanding unsecured bond issuances; and (h) those parties who have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

10. No prior motion for the relief requested herein has been made to this or any other court.

K&E 16437160.5

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated: March 15, 2010　　　　　　　　　**PACHULSKI STANG ZIEHL & JONES LLP**

/s/ Mark M. Billion
_____
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Mark M. Billion (DE Bar 5263)
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705
Telephone:　(302) 652-4100
Facsimile:　(302) 652-4400
E-mail:　　ljones@pszjlaw.com
　　　　　joneill@pszjlaw.com
　　　　　mbillion@pszjlaw.com

- and -

**KIRKLAND & ELLIS LLP**
James H. M. Sprayregen, P.C. (IL 6190206)
Marc Kieselstein, P.C. (IL 6199255)
James J. Mazza, Jr. (IL 6275474)
300 North LaSalle
Chicago, Illinois 60654
Telephone:　(312) 862-2000
Facsimile:　(312) 862-2200

*Attorneys for the
Debtors and Debtors in Possession*

K&E 16437160.5