IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | : CASE NO. 09-11786 |
| | : |
| VISTEON CORPORATION, et al. | : CHAPTER 11 |
| | : JOINTLY ADMINISTERED |
| | : Hearing Date: April 13, 2010 |
| | : Objections By: April 6, 2010 |
| Debtors, | : |

**MOTION OF TOYOTA MOTOR CREDIT CORPORATION
FOR RELIEF FROM THE §362 AUTOMATIC STAY PURSUANT TO
11 U.S.C. SECTION 362(d)(1) AND (2)**

COMES NOW, Toyota Motor Credit Corporation (hereinafter "Movant" and/or "Toyota") by and through its undersigned counsel, Kristi J. Doughty, and files its Motion for Relief From §362 Automatic Stay. The following facts are offered in support of this Motion:

**INTRODUCTION**

1. Toyota is in the motor vehicle and equipment manufacturing and leasing business.

2. Prior to the Debtor's Chapter 11 filing, the Debtor and Toyota entered into certain Lease Agreements ("the Leases"), whereby Toyota leased certain Equipment, (the "Forklifts") to the Debtor under Account Nos. xxxx2450, xxxx2471 and xxxx7772 as set forth below:

3. Lease 1 was for the lease of five (5) Forklifts Model Nos. 7FBEU15, Serial Numbers 20042, 20043, 20044, 20045 and 20053, a copy of which Lease is attached hereto as Exhibit "A".

4. Said Lease 1 provided for the payment of $765.85 plus use tax per Forklift for a total monthly payment of $4,580.80 over 24 months . The Lease is due to mature on January 6, 2011.

5. Lease 2 was for the lease of four Forklifts Model Nos. 7FBEU15, Serial Nos. 20054, 20060, 20061 and 20062, a copy of which Lease is attached hereto as Exhibit "B".

6. Said Lease 2 provided for the payment of $765.86 plus use tax per Forklift for a total monthly payment of $3,664.640 over 24 months. The Lease is due to mature on January 12, 2011.

7. Lease 3 was for the lease of three Forklifts Model Nos. 8FGCSU20, Serial Nos. 13770, 13771, 13772, a copy of said Lease is attached hereto as Exhibit "C".

8. Said Lease 3 provided for the payment of $656.74 plus use tax per Forklift for a total monthly payment of $2,521.32 over 24 months . The Lease is due to mature on December 12, 2010.

9. All three Leases provided that the Debtor perform maintenance to the Forklifts at its own cost and expense in accordance with Toyota's manuals for maintenance and operation and maintain the Forklifts in good operating order, repair and appearance. The Lease also required the Debtor keep the Forklifts insured and supply Toyota with proof of said insurance.

10. The Debtors filed a Chapter 11 Petition on or about May 28, 2009.

11. The Debtors are past due as follows:

Lease 1 –

| | |
|---|---|
| 4/15/09 – 3/15/10 | $50,848.16 |
| Late Charges | $ 2,669.55 |
| Total Arrears | $53,518.01 |

Lease 2 –

| | |
|---|---|
| 4/15/09 – 3/15/10 | $40,877.84 |
| Late Charges | $ 2,165.94 |
| Total Arrears | $39,263.24 |

Lease 3 –

| | |
|---|---|
| 5/15/09 – 3/15/10 | $27,734.52 |
| Late Charles | $ 1,570.36 |
| Total Arrears | $29,304.88 |

12. The information contained in this Motion is current as of March 17, 2010.

## II. DISCUSSION OF LAW

Section 362 (d) of the Bankruptcy Code provides that:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay-

(1) For cause, including lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if –

    (A) the debtor does not have an equity in such property; and
    (B) such property is not necessary to an effective reorganization

Movant submits that it is entitled to relief under subsections (1) and (2) of Section 362(d)

because the Debtor has failed to provide adequate protection of Movant's ownership interest in

the Forklifts by failing to make lease payments and because the Forklifts are not necessary to an effective reorganization. *See, e.g. Wyandotte Bank v. Carson,* 30 B.R. 637 (Bankruptcy.D.Kan 1983). Movant is not aware of whether maintenance is being maintained or whether there is insurance coverage covering the forklifts.

Based on the foregoing, Movant submits that it has met the burden of proof required by 11 *U.S.C.* Section 362(d)(1) and (d) (2) and that Movant should be granted relief from the Automatic Stay.

### III. CONCLUSION

Movant, Toyota, respectfully prays for an Order relieving it from the Automatic Stay pursuant to 11 *U.S.C.* Section 362(d)(1) and (d)(2) because the Debtor has failed to provide Movant with adequate protection as a result of a failure to make lease payments, failure to provide proof of insurance coverage and maintenance performed on the forklifts, and the forklifts are not necessary to an effective reorganization.

                              WHITTINGTON & AULGUR

BY: /s/ Kristi J. Doughty
      Kristi J. Doughty (3826)
      Robert T. Aulgur, Jr. (165)
      651 N. Broad Street, Suite 206
      P.O. Box 1040
      Middletown, DE 19709-1040
      (302)-378-1661
      Attorneys for Movant

Date: March 18, 2010