**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VISTEON CORPORATION, *et al.*,[1] | ) | Case No. 09-11786 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE THAT, pursuant to Rule 9016 of the Federal Rules of

Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure, Debtors intend to

serve the attached subpoena on Nissan North America, Inc.

\*      \*      \*      \*      \*      \*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Visteon Corporation (9512); ARS, Inc. (3590); Fairlane Holdings, Inc. (8091); GCM/Visteon Automotive Leasing Systems, LLC (4060); GCM/Visteon Automotive Systems, LLC (7103); Infinitive Speech Systems Corp. (7099); MIG-Visteon Automotive Systems, LLC (5828); SunGlas, LLC (0711); The Visteon Fund (6029); Tyler Road Investments, LLC (9284); VC Aviation Services, LLC (2712); VC Regional Assembly & Manufacturing, LLC (3058); Visteon AC Holdings Corp. (9371); Visteon Asia Holdings, Inc. (0050); Visteon Automotive Holdings, LLC (8898); Visteon Caribbean, Inc. (7397); Visteon Climate Control Systems Limited (1946); Visteon Domestic Holdings, LLC (5664); Visteon Electronics Corporation (9060); Visteon European Holdings Corporation (5152); Visteon Financial Corporation (9834); Visteon Global Technologies, Inc. (9322); Visteon Global Treasury, Inc. (5591); Visteon Holdings, LLC (8897); Visteon International Business Development, Inc. (1875); Visteon International Holdings, Inc. (4928); Visteon LA Holdings Corp. (9369); Visteon Remanufacturing Incorporated (3237); Visteon Systems, LLC (1903); Visteon Technologies, LLC (5291).  The location of the Debtors' corporate headquarters and the service address for all the Debtors is: One Village Center Drive, Van Buren Township, Michigan  48111.

Dated:  April 22, 2010

**PACHULSKI STANG ZIEHL & JONES LLP**

/s/ Mark M. Billion
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Mark M. Billion (DE Bar No. 5263)
919 North Market Street, 17th Floor
Wilmington, Delaware  19899-8705
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
E-mail:         ljones@pszjlaw.com
                 joneill@pszjlaw.com
                 mbillion@pszjlaw.com

- and -

**KIRKLAND & ELLIS LLP**
James H. M. Sprayregen, P.C. (IL 6190206)
Marc Kieselstein, P.C. (IL 6199255)
James J. Mazza, Jr. (IL 6275474)
Andrew R. McGaan, P.C. (CT 305671)
300 North LaSalle
Chicago, Illinois  60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
E-mail:         james.sprayregen@kirkland.com
                 marc.kieselstein@kirkland.com
                 james.mazza@kirkland.com
                 andrew.mcgaan@kirkland.com

*Attorneys for the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2010, I filed the foregoing *Notice of Subpoena* with the Court's CM/ECF system, causing this filing to be served electronically on all parties registered with the Court's electronic filing system.


/s/ Mark M. Billion_____
Mark M. Billion

*Attorney for the Debtors*

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

__Middle__   District of   __Tennessee__

In re Visteon Corporation, et al.,
          Debtors

**SUBPOENA IN A CASE UNDER**
**THE BANKRUPTCY CODE**

Case No. *  09-11786 (CSS) (Jointly Administered)
          U.S. Bankruptcy Court for the District of Delaware

To: Nissan North America, Inc.
    One Nissan Way
    Franklin, TN 37067

Chapter _____11_____

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

 See Attached Schedule A.

| PLACE                                   | DATE AND TIME |
|---|---|
| Nissan North America, Inc. | |
| One Nissan Way | May 7, 2010 at 9:00 a.m. |
| Franklin, TN 37067 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

        Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Andrew R. McGaan, P.C., attorney for Debtors | April 22, 2010 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Andrew R. McGaan, P.C., 300 North LaSalle Street, Chicago, Illinois 60654, (312)-862-2000

        * If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may  promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

*In re Visteon Corporation, et al.*, No. 09-11786 (CSS) (Jointly Administered)
Subpoena for Documents to Nissan North America, Inc.

## SCHEDULE A

### Definitions and Instructions

1.      "Visteon" means Visteon Corporation, GCM-Visteon Automotive Systems, LLC,

GCM-Visteon Automotive Leasing Systems, LLC, MIG-Visteon Automotive Systems, LLC, and

VC Regional Assembly & Manufacturing, LLC.

2.      "Haru" means Haru Holdings, LLC.

3.      "Nissan" means Nissan North America, Inc.

4.      "Asset Purchase Agreement" means that certain agreement executed on

October 23, 2009 between Visteon, Haru, and Nissan, providing for the sale of certain Visteon

facilities and assets to Haru.

5.      "Settlement Amount" has the meaning set forth in Section 9.13 of the Asset

Purchase Agreement.

6.      "Suppliers" means entities that provided services or supplies to Visteon in

connection with any of the facilities involved in the Asset Purchase Agreement.

7.      "Document" or "documents" has the full meaning ascribed to it by Federal Rule

of Civil Procedure 34(a), and includes the original and any identical or nonidentical copy,

regardless of origin or location, of any writing or record of any type or description, including but

not limited to, all writings, records, contracts, agreements, correspondence, memoranda, letters,

facsimiles, electronic mail (e-mail), minutes, recordings, transcripts, and summaries of meetings,

or recordings of meetings, speeches, presentations, conversations, or telephone calls (whether

recorded in writing, mechanically, or electronically), handwritten and typewritten notes of any

kind, statements, reports, voice recordings, desk calendars, diaries, logs, drafts, studies, analyses,

schedules, forecasts, surveys, invoices, receipts, computer data, computer printouts, financial

statements, balance sheets, profit and loss statements, statements of earnings, statements of net

worth, credit reports, statements of operations, audit reports, financial summaries, statements of

lists of assets, work papers, pictures, photographs, drawings, computer cards, tapes, discs,

printouts and records of all types, instruction manuals, policy manuals and statements, books,

pamphlets, cancelled checks, check stubs, and every other device or medium by which

information of any type is transmitted, recorded, or preserved.

8.      "You" or "your" means Nissan, any predecessor or successor in interest, any

parents, subsidiaries, affiliates, divisions or operating units, and current and former employees,

directors, officers, agents, attorneys, accountants, and any other persons acting or purporting to

act on its behalf.

9.      These requests cover all documents in your possession or custody, or subject to

your control, wherever located, including those documents that you have the power to obtain.

10.      If any document is withheld on the ground of privilege or any other basis, the

document so withheld shall be identified as completely as possible, including the following

information:   (a) the reason for withholding the document; (b) a brief description of the

privileged matter, including (i) the date of the document, conversation, or other matter; (ii) the

number of pages, attachments, and appendices or the length of any such conversation; (iii) the

authors, preparers, or participants and an identification by employment and title of each such

person; (iv) the names of each person who was sent or shown copies of the document, who has

had access to or custody of the document, or with whom the document was discussed, together

with an identification of each such person by employment and title; (v) the present custodian of

the document; (vi) the subject matter of the conversation or document, and, in the case of a

document relating in any way to a meeting or conversation, identification of such meeting or conversation; and (c) the interrogatory to which this document or conversation relates.

11.    If you are aware that any documents sought to be identified herein have been lost, discarded, or destroyed, the documents so lost, discarded, or destroyed shall be identified as completely as possible, including the following information:  (a) the author, (b) date, (c) subject matter, (d) date of disposal, (e) manner of disposal, (f) reason for disposal, (g) person authorizing the disposal, and (h) person disposing of the documents.

12.    "And" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope, and are not to be interpreted in such a manner as to exclude any information within the scope of a discovery request.

## Document Request

1.    A schedule identifying all Suppliers to whom Nissan or Haru paid a Settlement Amount and the corresponding total amount paid to each Supplier.