## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
|  | x |  |
| **In re:** | : |  |
|  | : | **Chapter 11 Case No.** |
| **VISTEON CORPORATION, et al.,** | : |  |
|  | : | **09 – 11786 (CSS)** |
| **Debtors.** | : |  |
|  | : | **(Jointly Administered)** |

## NOTICE OF SUBPOENAS

Please take notice that, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure, the Ad Hoc Committee of Equityholders (the "Ad Hoc Equity Committee")[1] in the chapter 11 cases of Visteon Corporation intends to serve the attached subpoenas on the entities identified therein.

Dated: May 10, 2010
      Wilmington, Delaware

**BUCHANAN INGERSOLL & ROONEY PC**

   /s/ Mary F. Caloway
Mary F. Caloway (No. 3059)
Mona A. Parikh (No. 4901)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295
Email: mary.caloway@bipc.com
       mona.parikh@bipc.com

*Attorneys for the Ad Hoc Equity Committee*

---

[1] The members of the Ad Hoc Equity Committee collectively hold 12.89% of the outstanding common stock of Visteon. For the sake of clarity, the Ad Hoc Equity Committee does not comprise the certain group of shareholders moving for an order directing the appointment of a statutory equityholders committee. *See* Motion of Various Shareholders for an Order Appointing an Official Committee of Equity Security Holders [Docket No. 2834].

B256 (Form 256 -- Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of _____ New York _____

In re    VISTEON CORP.,
                    Debtor

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No. *    09-11786 (CSS)

To:    UBS Securities LLC
       677 Washington Boulevard
       Stamford, CT 06901

Chapter ___ 11    District of Delaware

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    SEE ATTACHED.

| PLACE    Buchanan Ingersoll & Rooney PC<br>620 Eighth Avenye, 23rd Floor<br>New York, NY 10018-1669 | DATE AND TIME<br>May 17, 2010<br>9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE<br>May 10, 2010 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER    Mary F. Caloway, Esquire (Phone: 302-552-4209)<br>Buchanan Ingersoll & Rooney, PC<br>1000 West Street, Suite 1410, Wilmington, DE 19801 | |

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS

1.      The term "document" is used in the broadest sense permitted by the Federal Rules of Civil Procedure, and shall not be limited in any way with respect to the process by which any document was created, generated, or reproduced, or with respect to the medium in which the document is embodied; and shall include, by way of example and without any limitation, the following items: catalogs; brochures; pamphlets; advertisements; circulars; trade letters; press releases; contracts and agreements; communications, correspondence, telegrams, e-mail and memoranda; summaries or records of telephone conversations and any other conversations; diaries; business plans, studies, forecasts, statistical statements, graphs, and charts; notebooks; charges, invoices, and receipts; minutes or records of meetings and conferences; expressions or statements of policy; lists of persons attending meetings or conferences; records, summaries or transcripts of interviews or negotiations; appraisals, evaluations, investigations, reports, and opinions of counsel, consultants, or any other parties; code, schematics, diagrams, and flow-charts; models, plans, blueprints, sketches, and drawings; movie films; magnetic tapes; discs; and sound or mechanical reproductions. The term "Document" shall further include, without limitation, all preliminary, intermediate, and final drafts or versions of any document, as well as any notes or comments appearing on any document or metadata associated with any document.

2.      The term "communication" refers to any transmission of information by one or more persons and/or between two or more persons by any means, including, but not limited to, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, facsimiles, electronic mail or other computer communications or linkups, written memoranda, and face-to-face conversations.

3.      The term "date" shall mean the year, month, day, and time, if known, or, if not, the best approximation thereof.

4.    The term "person" shall mean any natural person or any groups of natural persons acting as individuals, groups of natural persons acting in a collegial capacity (*e.g.*, as a committee, board of directors, etc.), corporations, partnerships, joint ventures, and any other incorporated or unincorporated business or social entity.

5.    The term "relating to" is used in its customary broad sense and, without limitation, includes referring to, pertaining to, mentioning, concerning, discussing, representing, constituting, embodying, illustrating, describing, evidencing, and tending to support or to rebut, in any manner whatsoever and whether directly or indirectly.

6.    "You" or "your" refers to UBS Securities LLC and all agents, attorneys, accountants, representatives, advisors, or other persons or entities acting or purporting to act on its behalf with express, implied, or apparent authority to do so.

7.    The term "Plan" or "Plan of Reorganization" refers to any past, present or future Chapter 11 plan proposed by Visteon Corporation (the "Company" or "Visteon," and, together with its debtor affiliates, the "Debtors"), including but not limited to the plans and sub plans proposed on December 17, 2009, March 15, 2010 and May 6, 2010, as well as any amendments thereto.

8.    The term "Ancillary Agreements" refers to past, present or future versions of the Plan Support Agreement, the Equity Commitment Agreement Among Visteon Corporation and the Investors Party Thereto (the "Equity Commitment Agreement") and the Cash Recovery Backstop Agreement, as well as any amendments thereto.

9.    The term "Disclosure Statement" refers to past, present or future Disclosure Statements or amendments thereto submitted in connection with any Plan.

10.    Reference to "Visteon" shall also include the Company's parent, subsidiaries, affiliates (including, without limitation, Halla Climate Control Corporation and Yanfeng Visteon Automotive Trim Systems Co., Ltd.), predecessors, successors, officers, directors, employees, agents, partners, and independent contractors, as well as aliases, code names, trade names, or business names used by, or formerly used by, any of the foregoing.

2

11.     The term "Ad Hoc Bondholders Committee" refers to the Committee of the same name as defined in the Equity Commitment Agreement.

12.     The term "Official Committee of Unsecured Creditors" refers to the committee of the same name appointed in the Chapter 11 cases of Visteon Corporation and its affiliated debtors-in-possession.

13.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1.     Unless otherwise indicated, the Requests call for documents created in or relating to the period January 1, 2005 through the present.

2.     If any document covered by these Requests is withheld by reason of a claim of privilege or attorney work-product immunity, a list is to be furnished within thirty (30) days identifying: (a) the name(s) of the sender(s) of the document; (b) the name(s) of the author(s) of the document; (c) the name(s) of the person(s) to whom the document was sent and/or to whom the information contained therein was disclosed; (d) the name(s) of the person(s) to whom a copy or copies of the document was sent and/or to whom the information contained therein was disclosed; (e) job title of every person named in (a), (b), (c) and (d) above; (f) date of the document; (g) the date on which the document was received; (h) a brief description of the nature and subject matter of the document; and (h) the statute, rule, or decision that is claimed to give rise to the privilege or other protection from disclosure.

3.     As to any portion of any Request that refers to documents that you are aware of and that were at one time within or subject to your possession, custody, or control, but that are not now within or subject to your possession, custody or control, identify such documents in a manner sufficient to describe them for a subpoena, and give the name, telephone number, and address of the person last known to have been in possession, custody or control of such documents.

4.      If any document called for by these Requests has been destroyed, lost, discarded, or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: (a) the name(s) of the sender(s) of the document; (b) the name(s) of the author(s) of the document; (c) the name(s) of the person(s) to whom the document was sent; (d) the name(s) of the person(s) to whom a copy or copies of the document was sent; (e) the date of disposal; (f) the manner of disposal; (g) reason for disposal; (h) person authorizing disposal; and (i) person disposing of document.

5.      If any responsive document is maintained in a computer-readable form, the document, including any associated metadata, shall be produced (a) in hard-copy form, in a format generally usable in the ordinary course of business, and (b) on disk, tape, or other form of computer storage, with instructions necessary to convert the information into reasonably usable form, including the name and version number of the program used to create or read the data.

6.      Requests for a document shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures and attachments to the document, in addition to the document itself.

7.      To facilitate the handling and return of the submitted documents, please mark each page with an identifying logo and number each page sequentially beginning with "000001." These marks should be placed in the lower right-hand corner of each page, but should not obscure any information on the document.

8.      If no documents are responsive to a particular subpoena request, please specify that you have no responsive documents.

9.      The use of the singular form of any word includes the plural, and vice versa.

## REQUESTS FOR PRODUCTION

**Request No. 1:**

All documents or communications relating to Visteon's solvency or insolvency.

**Request No. 2:**

All documents or communications relating to the value or valuation of Visteon or its financial condition, including but not limited to (a) Visteon's budgets, business plans, financial statements (except those included in SEC filings), trial balances, and projections or estimates of future financial performance, and (b) all documents or communications relating to, or any calculation, analysis, or evaluation of, Visteon's net income, expenses, revenues, EBITDA, cash and "excess cash," securities, equity, debt, notes, affiliates, joint ventures, subsidiaries, or investments, including but not limited to the value of Visteon's ownership interests in Halla Climate Control Corporation and Yanfeng Visteon Automotive Trim Systems Co., Ltd.

**Request No. 3:**

All documents or communications relating to Visteon's tax assets or tax liabilities, including but not limited to deferred tax assets, tax-sharing agreements, net operating losses, tax credits, and built-in-losses and any analyses of those assets or liabilities or their potential relationship to each other.

**Request No. 4:**

All communications between you and a bondholder, creditor, noteholder, director, officer, employee or agent of Visteon relating to Visteon, including, without limitation, all communications between you and any committee consisting of such persons or entities.

**Request No. 5:**

All documents or communications relating to the cash needed for the continued operation of Visteon.

**Request No. 6:**

All documents or communications relating to the actual or potential debt capacity or

leverage ratio of Visteon.

**Request No. 7:**

All documents or communications relating to your investment in or trading of Visteon's securities or debt, including, but not limited to, all documents or communications relating to (a) your considerations about whether to invest in Visteon securities or debt, (b) your communications with any other person or entity concerning any actual or contemplated investment in Visteon securities or debt, and (c) any purchases, sales, attempted purchases or attempted sales of Visteon's bonds, notes, bank debt, or shares of stock.

**Request No. 8:**

All communications relating to the equity holders of Visteon or their treatment under the Plan.

**Request No. 9:**

All documents or communications relating to the Plan or the Ancillary Agreements, including, without limitation, any communications between or among Visteon and any other person or entity (including, without limitation, creditors, financial institutions, or their agents, representatives, or advisers) relating to the Plan, the Ancillary Agreements, or any other type of reorganization plan, including any financing in connection with any such plan or agreement.

**Request No. 10:**

All documents or communications relating to the Disclosure Statement.

**Request No. 11:**

All documents or communications relating to or involving any financial advisors you have retained in connection with Visteon's Chapter 11 filing, to the extent that such documents or communications relate to Visteon.

**Request No. 12:**

All documents or communications relating to the valuation, including but not limited to annual growth rates, EBITDA, net income levels, costs of goods sold, revenues, share price, equity value, debt ratios, and bond values, of companies comparable to Visteon, including but not limited to Johnson Controls, Inc., Hella KGaA, Behr GmbH & Co., Magna International, Inc., Harman International Industries, Inc., International Automotive Components Group, BorgWarner, Alpine Electronic, Inc., Continental AG, Denso Corp., Faurecia SA, and Valeo SA.

**Request No. 13:**

All documents or communications relating to the financial performance and analyses of the automobile and automotive-parts industries, including but not limited to future sales projections.

**Request No. 14:**

All documents or communications relating to production schedules for Visteon's products.

**Request No. 15:**

All documents or communications relating to the Term Loan Facility (as defined in the Plan), including, without limitation, the existence or potential existence of any pre- or post-petition covenant breaches under the Term Loan Facility or the reinstatement of the Term Loan Facility.

**Request No. 16:**

All documents or communications relating to the actual or potential provision of financing to Visteon.

**Request No. 17:**

All documents or communications relating to the actual or potential acquisition or sale, including but not limited to asset purchase agreements, offers to purchase, indications of interest, or letters of intent, of any of Visteon's assets, subsidiaries, or joint ventures, including but not limited to Halla Climate Control Corporation.

**Request No. 18:**

All documents or communications relating to dividends received by Visteon from its affiliates, joint ventures, subsidiaries or investments, including but not limited to those received as a result of its stake in Halla Climate Control Corporation.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

__Southern__ District of __New York__

In re    VISTEON CORP.   ,
           Debtor

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No. *  09-11786 (CSS)

To:    Deutsche Bank Securities Inc.
        60 Wall Street
        New York, NY 10005

Chapter ___11  District of Delaware___

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

XX YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Buchanan Ingersoll & Rooney PC<br>620 Eighth Avenue, 23rd Floor<br>New York, NY 10018-1669 | May 24, 2010<br>9:00 A.M. |

XX YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

        SEE ATTACHED.

| PLACE | DATE AND TIME |
|---|---|
| Buchanan Ingersoll & Rooney PC<br>620 Eighth Avenue, 23rd Floor<br>New York, NY 10018-1669 | May 17, 2010<br>9:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | May 10, 2010 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Mary F. Caloway, Esquire (Phone: 302-552-4209)
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410, Wilmington, DE 19801
        * If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B256 (Form 256 -- Subpoena in a Case under the Bankruptcy Code) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                SIGNATURE OF SERVER

                                                       _____
                                                       ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
    The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS

1.     The term "document" is used in the broadest sense permitted by the Federal Rules of Civil Procedure, and shall not be limited in any way with respect to the process by which any document was created, generated, or reproduced, or with respect to the medium in which the document is embodied; and shall include, by way of example and without any limitation, the following items:  catalogs; brochures; pamphlets; advertisements; circulars; trade letters; press releases; contracts and agreements; communications, correspondence, telegrams, e-mail and memoranda; summaries or records of telephone conversations and any other conversations; diaries; business plans, studies, forecasts, statistical statements, graphs, and charts; notebooks; charges, invoices, and receipts; minutes or records of meetings and conferences; expressions or statements of policy; lists of persons attending meetings or conferences; records, summaries or transcripts of interviews or negotiations; appraisals, evaluations, investigations, reports, and opinions of counsel, consultants, or any other parties; code, schematics, diagrams, and flow-charts; models, plans, blueprints, sketches, and drawings; movie films; magnetic tapes; discs; and sound or mechanical reproductions.  The term "Document" shall further include, without limitation, all preliminary, intermediate, and final drafts or versions of any document, as well as any notes or comments appearing on any document or metadata associated with any document.

2.     The term "communication" refers to any transmission of information by one or more persons and/or between two or more persons by any means, including, but not limited to, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, facsimiles, electronic mail or other computer communications or linkups, written memoranda, and face-to-face conversations.

3.     The term "date" shall mean the year, month, day, and time, if known, or, if not, the best approximation thereof.

4.      The term "person" shall mean any natural person or any groups of natural persons acting as individuals, groups of natural persons acting in a collegial capacity (*e.g.*, as a committee, board of directors, etc.), corporations, partnerships, joint ventures, and any other incorporated or unincorporated business or social entity.

5.      The term "relating to" is used in its customary broad sense and, without limitation, includes referring to, pertaining to, mentioning, concerning, discussing, representing, constituting, embodying, illustrating, describing, evidencing, and tending to support or to rebut, in any manner whatsoever and whether directly or indirectly.

6.      "You" or "your" refers to Deutsche Bank Securities Inc. and all agents, attorneys, accountants, representatives, advisors, or other persons or entities acting or purporting to act on its behalf with express, implied, or apparent authority to do so.

7.      The term "Plan" or "Plan of Reorganization" refers to any past, present or future Chapter 11 plan proposed by Visteon Corporation (the "Company" or "Visteon," and, together with its debtor affiliates, the "Debtors"), including but not limited to the plans and sub plans proposed on December 17, 2009, March 15, 2010 and May 6, 2010, as well as any amendments thereto.

8.      The term "Ancillary Agreements" refers to past, present or future versions of the Plan Support Agreement, the Equity Commitment Agreement Among Visteon Corporation and the Investors Party Thereto (the "Equity Commitment Agreement") and the Cash Recovery Backstop Agreement, as well as any amendments thereto.

9.      The term "Disclosure Statement" refers to past, present or future Disclosure Statements or amendments thereto submitted in connection with any Plan.

10.      Reference to "Visteon" shall also include the Company's parent, subsidiaries, affiliates (including, without limitation, Halla Climate Control Corporation and Yanfeng Visteon Automotive Trim Systems Co., Ltd.), predecessors, successors, officers, directors, employees, agents, partners, and independent contractors, as well as aliases, code names, trade names, or business names used by, or formerly used by, any of the foregoing.

2

11.     The term "Ad Hoc Bondholders Committee" refers to the Committee of the same name as defined in the Equity Commitment Agreement.

12.     The term "Official Committee of Unsecured Creditors" refers to the committee of the same name appointed in the Chapter 11 cases of Visteon Corporation and its affiliated debtors-in-possession.

13.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1.     Unless otherwise indicated, the Requests call for documents created in or relating to the period January 1, 2005 through the present.

2.     If any document covered by these Requests is withheld by reason of a claim of privilege or attorney work-product immunity, a list is to be furnished within thirty (30) days identifying: (a) the name(s) of the sender(s) of the document; (b) the name(s) of the author(s) of the document; (c) the name(s) of the person(s) to whom the document was sent and/or to whom the information contained therein was disclosed; (d) the name(s) of the person(s) to whom a copy or copies of the document was sent and/or to whom the information contained therein was disclosed; (e) job title of every person named in (a), (b), (c) and (d) above; (f) date of the document; (g) the date on which the document was received; (h) a brief description of the nature and subject matter of the document; and (h) the statute, rule, or decision that is claimed to give rise to the privilege or other protection from disclosure.

3.     As to any portion of any Request that refers to documents that you are aware of and that were at one time within or subject to your possession, custody, or control, but that are not now within or subject to your possession, custody or control, identify such documents in a manner sufficient to describe them for a subpoena, and give the name, telephone number, and address of the person last known to have been in possession, custody or control of such documents.

3

4.      If any document called for by these Requests has been destroyed, lost, discarded, or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: (a) the name(s) of the sender(s) of the document; (b) the name(s) of the author(s) of the document; (c) the name(s) of the person(s) to whom the document was sent; (d) the name(s) of the person(s) to whom a copy or copies of the document was sent; (e) the date of disposal; (f) the manner of disposal; (g) reason for disposal; (h) person authorizing disposal; and (i) person disposing of document.

5.      If any responsive document is maintained in a computer-readable form, the document, including any associated metadata, shall be produced (a) in hard-copy form, in a format generally usable in the ordinary course of business, and (b) on disk, tape, or other form of computer storage, with instructions necessary to convert the information into reasonably usable form, including the name and version number of the program used to create or read the data.

6.      Requests for a document shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures and attachments to the document, in addition to the document itself.

7.      To facilitate the handling and return of the submitted documents, please mark each page with an identifying logo and number each page sequentially beginning with "000001." These marks should be placed in the lower right-hand corner of each page, but should not obscure any information on the document.

8.      If no documents are responsive to a particular subpoena request, please specify that you have no responsive documents.

9.      The use of the singular form of any word includes the plural, and vice versa.

### REQUESTS FOR PRODUCTION

**Request No. 1:**

All documents or communications relating to Visteon's solvency or insolvency.

**Request No. 2:**

All documents or communications relating to the value or valuation of Visteon or its

financial condition, including but not limited to (a) Visteon's budgets, business plans, financial

statements (except those included in SEC filings), trial balances, and projections or estimates of

future financial performance, and (b) all documents or communications relating to, or any

calculation, analysis, or evaluation of, Visteon's net income, expenses, revenues, EBITDA, cash

and "excess cash," securities, equity, debt, notes, affiliates, joint ventures, subsidiaries, or

investments, including but not limited to the value of Visteon's ownership interests in Halla

Climate Control Corporation and Yanfeng Visteon Automotive Trim Systems Co., Ltd.

**Request No. 3:**

All documents or communications relating to Visteon's tax assets or tax liabilities,

including but not limited to deferred tax assets, tax-sharing agreements, net operating losses, tax

credits, and built-in-losses and any analyses of those assets or liabilities or their potential

relationship to each other.

**Request No. 4:**

All communications between you and a bondholder, creditor, noteholder, director,

officer, employee or agent of Visteon relating to Visteon, including, without limitation, all

communications between you and any committee consisting of such persons or entities.

**Request No. 5:**

All documents or communications relating to the cash needed for the continued operation

of Visteon.

**Request No. 6:**

All documents or communications relating to the actual or potential debt capacity or

leverage ratio of Visteon.

**Request No. 7:**

All documents or communications relating to your investment in or trading of Visteon's securities or debt, including, but not limited to, all documents or communications relating to (a) your considerations about whether to invest in Visteon securities or debt, (b) your communications with any other person or entity concerning any actual or contemplated investment in Visteon securities or debt, and (c) any purchases, sales, attempted purchases or attempted sales of Visteon's bonds, notes, bank debt, or shares of stock.

**Request No. 8:**

All communications relating to the equity holders of Visteon or their treatment under the Plan.

**Request No. 9:**

All documents or communications relating to the Plan or the Ancillary Agreements, including, without limitation, any communications between or among Visteon and any other person or entity (including, without limitation, creditors, financial institutions, or their agents, representatives, or advisers) relating to the Plan, the Ancillary Agreements, or any other type of reorganization plan, including any financing in connection with any such plan or agreement.

**Request No. 10:**

All documents or communications relating to the Disclosure Statement.

**Request No. 11:**

All documents or communications relating to or involving any financial advisors you have retained in connection with Visteon's Chapter 11 filing, to the extent that such documents or communications relate to Visteon.

**Request No. 12:**

All documents or communications relating to the valuation, including but not limited to annual growth rates, EBITDA, net income levels, costs of goods sold, revenues, share price, equity value, debt ratios, and bond values, of companies comparable to Visteon, including but not limited to Johnson Controls, Inc., Hella KGaA, Behr GmbH & Co., Magna International, Inc., Harman International Industries, Inc., International Automotive Components Group, BorgWarner, Alpine Electronic, Inc., Continental AG, Denso Corp., Faurecia SA, and Valeo SA.

**Request No. 13:**

All documents or communications relating to the financial performance and analyses of the automobile and automotive-parts industries, including but not limited to future sales projections.

**Request No. 14:**

All documents or communications relating to production schedules for Visteon's products.

**Request No. 15:**

All documents or communications relating to the Term Loan Facility (as defined in the Plan), including, without limitation, the existence or potential existence of any pre- or post-petition covenant breaches under the Term Loan Facility or the reinstatement of the Term Loan Facility.

**Request No. 16:**

All documents or communications relating to the actual or potential provision of financing to Visteon.

**Request No. 17:**

All documents or communications relating to the actual or potential acquisition or sale, including but not limited to asset purchase agreements, offers to purchase, indications of interest, or letters of intent, of any of Visteon's assets, subsidiaries, or joint ventures, including but not limited to Halla Climate Control Corporation.

**Request No. 18:**

All documents or communications relating to dividends received by Visteon from its affiliates, joint ventures, subsidiaries or investments, including but not limited to those received as a result of its stake in Halla Climate Control Corporation.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

__Southern__ District of __New York__

In re    VISTEON CORP. ,
              Debtor

**SUBPOENA IN A CASE UNDER**
**THE BANKRUPTCY CODE**

Case No. *  __09-11786 (CSS)__

Chapter    __11 District of Delaware__

To:    Elliott International, L.P.
       c/o Elliott Management Corporation
       712 Fifth Avenue, 35th Floor
       New York, NY 10019

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Buchanan Ingersoll & Rooney PC | May 20, 2010 |
| 620 Eighth Avenue, 23rd Floor | 9:00 A.M. |
| New York, NY 10018-1669 | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    SEE ATTACHED.

| PLACE | DATE AND TIME |
|---|---|
| Buchanan Ingersoll & Rooney PC | May 17, 2010 |
| 620 Eighth Avenue, 23rd Floor | 9:00 A.M. |
| New York, NY 10018-1669 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |
| | |

    Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | May 10, 2010 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Mary F. Caloway, Esquire (Phone: 302-552-4209)
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410, Wilmington, DE 19801
      * If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS

1.     The term "document" is used in the broadest sense permitted by the Federal Rules of Civil Procedure, and shall not be limited in any way with respect to the process by which any document was created, generated, or reproduced, or with respect to the medium in which the document is embodied; and shall include, by way of example and without any limitation, the following items:  catalogs; brochures; pamphlets; advertisements; circulars; trade letters; press releases; contracts and agreements; communications, correspondence, telegrams, e-mail and memoranda; summaries or records of telephone conversations and any other conversations; diaries; business plans, studies, forecasts, statistical statements, graphs, and charts; notebooks; charges, invoices, and receipts; minutes or records of meetings and conferences; expressions or statements of policy; lists of persons attending meetings or conferences; records, summaries or transcripts of interviews or negotiations; appraisals, evaluations, investigations, reports, and opinions of counsel, consultants, or any other parties; code, schematics, diagrams, and flow-charts; models, plans, blueprints, sketches, and drawings; movie films; magnetic tapes; discs; and sound or mechanical reproductions.  The term "Document" shall further include, without limitation, all preliminary, intermediate, and final drafts or versions of any document, as well as any notes or comments appearing on any document or metadata associated with any document.

2.     The term "communication" refers to any transmission of information by one or more persons and/or between two or more persons by any means, including, but not limited to, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, facsimiles, electronic mail or other computer communications or linkups, written memoranda, and face-to-face conversations.

3.     The term "date" shall mean the year, month, day, and time, if known, or, if not, the best approximation thereof.

4.      The term "person" shall mean any natural person or any groups of natural persons acting as individuals, groups of natural persons acting in a collegial capacity (*e.g.*, as a committee, board of directors, etc.), corporations, partnerships, joint ventures, and any other incorporated or unincorporated business or social entity.

5.      The term "relating to" is used in its customary broad sense and, without limitation, includes referring to, pertaining to, mentioning, concerning, discussing, representing, constituting, embodying, illustrating, describing, evidencing, and tending to support or to rebut, in any manner whatsoever and whether directly or indirectly.

6.      "You" or "your" refers to Elliott International, L.P. and all agents, attorneys, accountants, representatives, advisors, or other persons or entities acting or purporting to act on its behalf with express, implied, or apparent authority to do so.

7.      The term "Plan" or "Plan of Reorganization" refers to any past, present or future Chapter 11 plan proposed by Visteon Corporation (the "Company" or "Visteon," and, together with its debtor affiliates, the "Debtors"), including but not limited to the plans and sub plans proposed on December 17, 2009, March 15, 2010 and May 6, 2010, as well as any amendments thereto.

8.      The term "Ancillary Agreements" refers to past, present or future versions of the Plan Support Agreement, the Equity Commitment Agreement Among Visteon Corporation and the Investors Party Thereto (the "Equity Commitment Agreement") and the Cash Recovery Backstop Agreement, as well as any amendments thereto.

9.      The term "Disclosure Statement" refers to past, present or future Disclosure Statements or amendments thereto submitted in connection with any Plan.

10.     Reference to "Visteon" shall also include the Company's parent, subsidiaries, affiliates (including, without limitation, Halla Climate Control Corporation and Yanfeng Visteon Automotive Trim Systems Co., Ltd.), predecessors, successors, officers, directors, employees, agents, partners, and independent contractors, as well as aliases, code names, trade names, or business names used by, or formerly used by, any of the foregoing.

2

11.    The term "Ad Hoc Bondholders Committee" refers to the Committee of the same name as defined in the Equity Commitment Agreement.

12.    The term "Official Committee of Unsecured Creditors" refers to the committee of the same name appointed in the Chapter 11 cases of Visteon Corporation and its affiliated debtors-in-possession.

13.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1.    Unless otherwise indicated, the Requests call for documents created in or relating to the period January 1, 2005 through the present.

2.    If any document covered by these Requests is withheld by reason of a claim of privilege or attorney work-product immunity, a list is to be furnished within thirty (30) days identifying: (a) the name(s) of the sender(s) of the document; (b) the name(s) of the author(s) of the document; (c) the name(s) of the person(s) to whom the document was sent and/or to whom the information contained therein was disclosed; (d) the name(s) of the person(s) to whom a copy or copies of the document was sent and/or to whom the information contained therein was disclosed; (e) job title of every person named in (a), (b), (c) and (d) above; (f) date of the document; (g) the date on which the document was received; (h) a brief description of the nature and subject matter of the document; and (h) the statute, rule, or decision that is claimed to give rise to the privilege or other protection from disclosure.

3.    As to any portion of any Request that refers to documents that you are aware of and that were at one time within or subject to your possession, custody, or control, but that are not now within or subject to your possession, custody or control, identify such documents in a manner sufficient to describe them for a subpoena, and give the name, telephone number, and address of the person last known to have been in possession, custody or control of such documents.

4.     If any document called for by these Requests has been destroyed, lost, discarded, or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: (a) the name(s) of the sender(s) of the document; (b) the name(s) of the author(s) of the document; (c) the name(s) of the person(s) to whom the document was sent; (d) the name(s) of the person(s) to whom a copy or copies of the document was sent; (e) the date of disposal; (f) the manner of disposal; (g) reason for disposal; (h) person authorizing disposal; and (i) person disposing of document.

5.     If any responsive document is maintained in a computer-readable form, the document, including any associated metadata, shall be produced (a) in hard-copy form, in a format generally usable in the ordinary course of business, and (b) on disk, tape, or other form of computer storage, with instructions necessary to convert the information into reasonably usable form, including the name and version number of the program used to create or read the data.

6.     Requests for a document shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures and attachments to the document, in addition to the document itself.

7.     To facilitate the handling and return of the submitted documents, please mark each page with an identifying logo and number each page sequentially beginning with "000001." These marks should be placed in the lower right-hand corner of each page, but should not obscure any information on the document.

8.     If no documents are responsive to a particular subpoena request, please specify that you have no responsive documents.

9.     The use of the singular form of any word includes the plural, and vice versa.

## REQUESTS FOR PRODUCTION

**Request No. 1:**

All documents or communications relating to Visteon's solvency or insolvency.

4

**Request No. 2:**

All documents or communications relating to the value or valuation of Visteon or its financial condition, including but not limited to (a) Visteon's budgets, business plans, financial statements (except those included in SEC filings), trial balances, and projections or estimates of future financial performance, and (b) all documents or communications relating to, or any calculation, analysis, or evaluation of, Visteon's net income, expenses, revenues, EBITDA, cash and "excess cash," securities, equity, debt, notes, affiliates, joint ventures, subsidiaries, or investments, including but not limited to the value of Visteon's ownership interests in Halla Climate Control Corporation and Yanfeng Visteon Automotive Trim Systems Co., Ltd.

**Request No. 3:**

All documents or communications relating to Visteon's tax assets or tax liabilities, including but not limited to deferred tax assets, tax-sharing agreements, net operating losses, tax credits, and built-in-losses and any analyses of those assets or liabilities or their potential relationship to each other.

**Request No. 4:**

All communications between you and a bondholder, creditor, noteholder, director, officer, employee or agent of Visteon relating to Visteon, including, without limitation, all communications between you and any committee consisting of such persons or entities.

**Request No. 5:**

All documents or communications relating to the cash needed for the continued operation of Visteon.

**Request No. 6:**

All documents or communications relating to the actual or potential debt capacity or

leverage ratio of Visteon.

**Request No. 7:**

All documents or communications relating to your investment in or trading of Visteon's securities or debt, including, but not limited to, all documents or communications relating to (a) your considerations about whether to invest in Visteon securities or debt, (b) your communications with any other person or entity concerning any actual or contemplated investment in Visteon securities or debt, and (c) any purchases, sales, attempted purchases or attempted sales of Visteon's bonds, notes, bank debt, or shares of stock.

**Request No. 8:**

All communications relating to the equity holders of Visteon or their treatment under the Plan.

**Request No. 9:**

All documents or communications relating to the Plan or the Ancillary Agreements, including, without limitation, any communications between or among Visteon and any other person or entity (including, without limitation, creditors, financial institutions, or their agents, representatives, or advisers) relating to the Plan, the Ancillary Agreements, or any other type of reorganization plan, including any financing in connection with any such plan or agreement.

**Request No. 10:**

All documents or communications relating to the Disclosure Statement.

**Request No. 11:**

All documents or communications relating to or involving any financial advisors you have retained in connection with Visteon's Chapter 11 filing, to the extent that such documents or communications relate to Visteon.

6

**Request No. 12:**

All documents or communications relating to the valuation, including but not limited to annual growth rates, EBITDA, net income levels, costs of goods sold, revenues, share price, equity value, debt ratios, and bond values, of companies comparable to Visteon, including but not limited to Johnson Controls, Inc., Hella KGaA, Behr GmbH & Co., Magna International, Inc., Harman International Industries, Inc., International Automotive Components Group, BorgWarner, Alpine Electronic, Inc., Continental AG, Denso Corp., Faurecia SA, and Valeo SA.

**Request No. 13:**

All documents or communications relating to the financial performance and analyses of the automobile and automotive-parts industries, including but not limited to future sales projections.

**Request No. 14:**

All documents or communications relating to production schedules for Visteon's products.

**Request No. 15:**

All documents or communications relating to the Term Loan Facility (as defined in the Plan), including, without limitation, the existence or potential existence of any pre- or post-petition covenant breaches under the Term Loan Facility or the reinstatement of the Term Loan Facility.

**Request No. 16:**

All documents or communications relating to the actual or potential provision of financing to Visteon.

7

**Request No. 17:**

All documents or communications relating to the actual or potential acquisition or sale, including but not limited to asset purchase agreements, offers to purchase, indications of interest, or letters of intent, of any of Visteon's assets, subsidiaries, or joint ventures, including but not limited to Halla Climate Control Corporation.

**Request No. 18:**

All documents or communications relating to dividends received by Visteon from its affiliates, joint ventures, subsidiaries or investments, including but not limited to those received as a result of its stake in Halla Climate Control Corporation.

B256 (Form 256 -- Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

__Southern__ District of __New York__

In re    VISTEON CORP.  ,
         Debtor

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No. *   09-11786 (CSS)

To:    The Liverpool Limited Partnership
c/o Elliott Management Corporation
712 Fifth Avenue, 35th Floor
New York, NY 10019

Chapter    11 District of Delaware

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Buchanan Ingersoll & Rooney PC<br>620 Eighth Avenue, 23rd Floor<br>New York, NY 10018-1669 | DATE AND TIME<br>May 20, 2010<br>9:00 A.M. |
|---|---|

☒☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

     SEE ATTACHED.

| PLACE<br>Buchanan Ingersoll & Rooney PC<br>620 Eighth Avenue, 23rd Floor<br>New York, NY 10018-1669 | DATE AND TIME<br>May 17, 2010<br>9:00 A.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE<br>May 10, 2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Mary F. Caloway, Esquire (Phone: 302-552-4209)
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410, Wilmington, DE 19801
          * If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

               DATE

          SIGNATURE OF SERVER

          ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS

1.     The term "document" is used in the broadest sense permitted by the Federal Rules of Civil Procedure, and shall not be limited in any way with respect to the process by which any document was created, generated, or reproduced, or with respect to the medium in which the document is embodied; and shall include, by way of example and without any limitation, the following items:  catalogs; brochures; pamphlets; advertisements; circulars; trade letters; press releases; contracts and agreements; communications, correspondence, telegrams, e-mail and memoranda; summaries or records of telephone conversations and any other conversations; diaries; business plans, studies, forecasts, statistical statements, graphs, and charts; notebooks; charges, invoices, and receipts; minutes or records of meetings and conferences; expressions or statements of policy; lists of persons attending meetings or conferences; records, summaries or transcripts of interviews or negotiations; appraisals, evaluations, investigations, reports, and opinions of counsel, consultants, or any other parties; code, schematics, diagrams, and flow-charts; models, plans, blueprints, sketches, and drawings; movie films; magnetic tapes; discs; and sound or mechanical reproductions. The term "Document" shall further include, without limitation, all preliminary, intermediate, and final drafts or versions of any document, as well as any notes or comments appearing on any document or metadata associated with any document.

2.     The term "communication" refers to any transmission of information by one or more persons and/or between two or more persons by any means, including, but not limited to, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, facsimiles, electronic mail or other computer communications or linkups, written memoranda, and face-to-face conversations.

3.     The term "date" shall mean the year, month, day, and time, if known, or, if not, the best approximation thereof.

4.  The term "person" shall mean any natural person or any groups of natural persons acting as individuals, groups of natural persons acting in a collegial capacity (*e.g.*, as a committee, board of directors, etc.), corporations, partnerships, joint ventures, and any other incorporated or unincorporated business or social entity.

5.  The term "relating to" is used in its customary broad sense and, without limitation, includes referring to, pertaining to, mentioning, concerning, discussing, representing, constituting, embodying, illustrating, describing, evidencing, and tending to support or to rebut, in any manner whatsoever and whether directly or indirectly.

6.  "You" or "your" refers to The Liverpool Limited Partnership and all agents, attorneys, accountants, representatives, advisors, or other persons or entities acting or purporting to act on its behalf with express, implied, or apparent authority to do so.

7.  The term "Plan" or "Plan of Reorganization" refers to any past, present or future Chapter 11 plan proposed by Visteon Corporation (the "Company" or "Visteon," and, together with its debtor affiliates, the "Debtors"), including but not limited to the plans and sub plans proposed on December 17, 2009, March 15, 2010 and May 6, 2010, as well as any amendments thereto.

8.  The term "Ancillary Agreements" refers to past, present or future versions of the Plan Support Agreement, the Equity Commitment Agreement Among Visteon Corporation and the Investors Party Thereto (the "Equity Commitment Agreement") and the Cash Recovery Backstop Agreement, as well as any amendments thereto.

9.  The term "Disclosure Statement" refers to past, present or future Disclosure Statements or amendments thereto submitted in connection with any Plan.

10. Reference to "Visteon" shall also include the Company's parent, subsidiaries, affiliates (including, without limitation, Halla Climate Control Corporation and Yanfeng Visteon Automotive Trim Systems Co., Ltd.), predecessors, successors, officers, directors, employees, agents, partners, and independent contractors, as well as aliases, code names, trade names, or business names used by, or formerly used by, any of the foregoing.

2

11.    The term "Ad Hoc Bondholders Committee" refers to the Committee of the same name as defined in the Equity Commitment Agreement.

12.    The term "Official Committee of Unsecured Creditors" refers to the committee of the same name appointed in the Chapter 11 cases of Visteon Corporation and its affiliated debtors-in-possession.

13.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1.    Unless otherwise indicated, the Requests call for documents created in or relating to the period January 1, 2005 through the present.

2.    If any document covered by these Requests is withheld by reason of a claim of privilege or attorney work-product immunity, a list is to be furnished within thirty (30) days identifying: (a) the name(s) of the sender(s) of the document; (b) the name(s) of the author(s) of the document; (c) the name(s) of the person(s) to whom the document was sent and/or to whom the information contained therein was disclosed; (d) the name(s) of the person(s) to whom a copy or copies of the document was sent and/or to whom the information contained therein was disclosed; (e) job title of every person named in (a), (b), (c) and (d) above; (f) date of the document; (g) the date on which the document was received; (h) a brief description of the nature and subject matter of the document; and (h) the statute, rule, or decision that is claimed to give rise to the privilege or other protection from disclosure.

3.    As to any portion of any Request that refers to documents that you are aware of and that were at one time within or subject to your possession, custody, or control, but that are not now within or subject to your possession, custody or control, identify such documents in a manner sufficient to describe them for a subpoena, and give the name, telephone number, and address of the person last known to have been in possession, custody or control of such documents.

3

4.    If any document called for by these Requests has been destroyed, lost, discarded, or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: (a) the name(s) of the sender(s) of the document; (b) the name(s) of the author(s) of the document; (c) the name(s) of the person(s) to whom the document was sent; (d) the name(s) of the person(s) to whom a copy or copies of the document was sent; (e) the date of disposal; (f) the manner of disposal; (g) reason for disposal; (h) person authorizing disposal; and (i) person disposing of document.

5.    If any responsive document is maintained in a computer-readable form, the document, including any associated metadata, shall be produced (a) in hard-copy form, in a format generally usable in the ordinary course of business, and (b) on disk, tape, or other form of computer storage, with instructions necessary to convert the information into reasonably usable form, including the name and version number of the program used to create or read the data.

6.    Requests for a document shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures and attachments to the document, in addition to the document itself.

7.    To facilitate the handling and return of the submitted documents, please mark each page with an identifying logo and number each page sequentially beginning with "000001." These marks should be placed in the lower right-hand corner of each page, but should not obscure any information on the document.

8.    If no documents are responsive to a particular subpoena request, please specify that you have no responsive documents.

9.    The use of the singular form of any word includes the plural, and vice versa.

## REQUESTS FOR PRODUCTION

**Request No. 1:**

All documents or communications relating to Visteon's solvency or insolvency.

**Request No. 2:**

All documents or communications relating to the value or valuation of Visteon or its financial condition, including but not limited to (a) Visteon's budgets, business plans, financial statements (except those included in SEC filings), trial balances, and projections or estimates of future financial performance, and (b) all documents or communications relating to, or any calculation, analysis, or evaluation of, Visteon's net income, expenses, revenues, EBITDA, cash and "excess cash," securities, equity, debt, notes, affiliates, joint ventures, subsidiaries, or investments, including but not limited to the value of Visteon's ownership interests in Halla Climate Control Corporation and Yanfeng Visteon Automotive Trim Systems Co., Ltd.

**Request No. 3:**

All documents or communications relating to Visteon's tax assets or tax liabilities, including but not limited to deferred tax assets, tax-sharing agreements, net operating losses, tax credits, and built-in-losses and any analyses of those assets or liabilities or their potential relationship to each other.

**Request No. 4:**

All communications between you and a bondholder, creditor, noteholder, director, officer, employee or agent of Visteon relating to Visteon, including, without limitation, all communications between you and any committee consisting of such persons or entities.

**Request No. 5:**

All documents or communications relating to the cash needed for the continued operation of Visteon.

**Request No. 6:**

All documents or communications relating to the actual or potential debt capacity or

leverage ratio of Visteon.

**Request No. 7:**

All documents or communications relating to your investment in or trading of Visteon's securities or debt, including, but not limited to, all documents or communications relating to (a) your considerations about whether to invest in Visteon securities or debt, (b) your communications with any other person or entity concerning any actual or contemplated investment in Visteon securities or debt, and (c) any purchases, sales, attempted purchases or attempted sales of Visteon's bonds, notes, bank debt, or shares of stock.

**Request No. 8:**

All communications relating to the equity holders of Visteon or their treatment under the Plan.

**Request No. 9:**

All documents or communications relating to the Plan or the Ancillary Agreements, including, without limitation, any communications between or among Visteon and any other person or entity (including, without limitation, creditors, financial institutions, or their agents, representatives, or advisers) relating to the Plan, the Ancillary Agreements, or any other type of reorganization plan, including any financing in connection with any such plan or agreement.

**Request No. 10:**

All documents or communications relating to the Disclosure Statement.

**Request No. 11:**

All documents or communications relating to or involving any financial advisors you have retained in connection with Visteon's Chapter 11 filing, to the extent that such documents or communications relate to Visteon.

**Request No. 12:**

All documents or communications relating to the valuation, including but not limited to

annual growth rates, EBITDA, net income levels, costs of goods sold, revenues, share price,

equity value, debt ratios, and bond values, of companies comparable to Visteon, including but

not limited to Johnson Controls, Inc., Hella KGaA, Behr GmbH & Co., Magna International,

Inc., Harman International Industries, Inc., International Automotive Components Group,

BorgWarner, Alpine Electronic, Inc., Continental AG, Denso Corp., Faurecia SA, and Valeo SA.

**Request No. 13:**

All documents or communications relating to the financial performance and analyses of

the automobile and automotive-parts industries, including but not limited to future sales

projections.

**Request No. 14:**

All documents or communications relating to production schedules for Visteon's

products.

**Request No. 15:**

All documents or communications relating to the Term Loan Facility (as defined in the

Plan), including, without limitation, the existence or potential existence of any pre- or post-

petition covenant breaches under the Term Loan Facility or the reinstatement of the Term Loan

Facility.

**Request No. 16:**

All documents or communications relating to the actual or potential provision of

financing to Visteon.

**Request No. 17:**

All documents or communications relating to the actual or potential acquisition or sale, including but not limited to asset purchase agreements, offers to purchase, indications of interest, or letters of intent, of any of Visteon's assets, subsidiaries, or joint ventures, including but not limited to Halla Climate Control Corporation.

**Request No. 18:**

All documents or communications relating to dividends received by Visteon from its affiliates, joint ventures, subsidiaries or investments, including but not limited to those received as a result of its stake in Halla Climate Control Corporation.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____   District of _____ New York _____

| | |
|---|---|
| In re   VISTEON CORP.   ,<br>            Debtor | **SUBPOENA IN A CASE UNDER**<br>**THE BANKRUPTCY CODE**<br><br>Case No. *  09-11786 (CSS) |
| To:   Goldman, Sachs & Co.<br>       200 West Street, 6th Floor<br>       New York, NY 10282 | Chapter ____ 11  District of Delaware |

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Buchanan Ingersoll & Rooney PC<br>620 Eighth Avenue, 23rd Floor<br>New York, NY 10018-1669 | DATE AND TIME<br>May 25, 2010<br>9:00 A.M. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    SEE ATTACHED.

| PLACE<br>Buchanan Ingersoll & Rooney PC<br>620 Eighth Avenue, 23rd Floor<br>New York, NY 10018-1669 | DATE AND TIME<br>May 17, 2010<br>9:00 A.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | May 10, 2010 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Mary F. Caloway, Esquire (Phone: 302-552-4209)
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410, Wilmington, DE 19801
      * If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B256 (Form 256 -- Subpoena in a Case under the Bankruptcy Code) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

**(c) Protecting a Person Subject to a Subpoena.**
　　(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
　　(2) Command to Produce Materials or Permit Inspection.
　　　　(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　　　　(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　　　　　(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
　　　　　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
　　(3) Quashing or Modifying a Subpoena.
　　　　(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
　　　　　　(i) fails to allow a reasonable time to comply;
　　　　　　(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
　　　　　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　　　　　(iv) subjects a person to undue burden.
　　　　(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
　　　　　　(i) disclosing a trade secret or other confidential research, development, or commercial information;
　　　　　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
　　　　　　(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
　　　　(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　　　　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　　　　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**
　　(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
　　　　(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　　　　(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　　　　(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
　　　　(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
　　(2) Claiming Privilege or Protection.
　　　　(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　　　　　(i) expressly make the claim; and
　　　　　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　　　　(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

### DEFINITIONS

1.      The term "document" is used in the broadest sense permitted by the Federal Rules of Civil Procedure, and shall not be limited in any way with respect to the process by which any document was created, generated, or reproduced, or with respect to the medium in which the document is embodied; and shall include, by way of example and without any limitation, the following items: catalogs; brochures; pamphlets; advertisements; circulars; trade letters; press releases; contracts and agreements; communications, correspondence, telegrams, e-mail and memoranda; summaries or records of telephone conversations and any other conversations; diaries; business plans, studies, forecasts, statistical statements, graphs, and charts; notebooks; charges, invoices, and receipts; minutes or records of meetings and conferences; expressions or statements of policy; lists of persons attending meetings or conferences; records, summaries or transcripts of interviews or negotiations; appraisals, evaluations, investigations, reports, and opinions of counsel, consultants, or any other parties; code, schematics, diagrams, and flow-charts; models, plans, blueprints, sketches, and drawings; movie films; magnetic tapes; discs; and sound or mechanical reproductions. The term "Document" shall further include, without limitation, all preliminary, intermediate, and final drafts or versions of any document, as well as any notes or comments appearing on any document or metadata associated with any document.

2.      The term "communication" refers to any transmission of information by one or more persons and/or between two or more persons by any means, including, but not limited to, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, facsimiles, electronic mail or other computer communications or linkups, written memoranda, and face-to-face conversations.

3.      The term "date" shall mean the year, month, day, and time, if known, or, if not, the best approximation thereof.

4.      The term "person" shall mean any natural person or any groups of natural persons acting as individuals, groups of natural persons acting in a collegial capacity (*e.g.*, as a committee, board of directors, etc.), corporations, partnerships, joint ventures, and any other incorporated or unincorporated business or social entity.

5.      The term "relating to" is used in its customary broad sense and, without limitation, includes referring to, pertaining to, mentioning, concerning, discussing, representing, constituting, embodying, illustrating, describing, evidencing, and tending to support or to rebut, in any manner whatsoever and whether directly or indirectly.

6.      "You" or "your" refers to Goldman, Sachs & Co. and all agents, attorneys, accountants, representatives, advisors, or other persons or entities acting or purporting to act on its behalf with express, implied, or apparent authority to do so.

7.      The term "Plan" or "Plan of Reorganization" refers to any past, present or future Chapter 11 plan proposed by Visteon Corporation (the "Company" or "Visteon," and, together with its debtor affiliates, the "Debtors"), including but not limited to the plans and sub plans proposed on December 17, 2009, March 15, 2010 and May 6, 2010, as well as any amendments thereto.

8.      The term "Ancillary Agreements" refers to past, present or future versions of the Plan Support Agreement, the Equity Commitment Agreement Among Visteon Corporation and the Investors Party Thereto (the "Equity Commitment Agreement") and the Cash Recovery Backstop Agreement, as well as any amendments thereto.

9.      The term "Disclosure Statement" refers to past, present or future Disclosure Statements or amendments thereto submitted in connection with any Plan.

10.      Reference to "Visteon" shall also include the Company's parent, subsidiaries, affiliates (including, without limitation, Halla Climate Control Corporation and Yanfeng Visteon Automotive Trim Systems Co., Ltd.), predecessors, successors, officers, directors, employees, agents, partners, and independent contractors, as well as aliases, code names, trade names, or business names used by, or formerly used by, any of the foregoing.

11.    The term "Ad Hoc Bondholders Committee" refers to the Committee of the same name as defined in the Equity Commitment Agreement.

12.    The term "Official Committee of Unsecured Creditors" refers to the committee of the same name appointed in the Chapter 11 cases of Visteon Corporation and its affiliated debtors-in-possession.

13.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1.    Unless otherwise indicated, the Requests call for documents created in or relating to the period January 1, 2005 through the present.

2.    If any document covered by these Requests is withheld by reason of a claim of privilege or attorney work-product immunity, a list is to be furnished within thirty (30) days identifying: (a) the name(s) of the sender(s) of the document; (b) the name(s) of the author(s) of the document; (c) the name(s) of the person(s) to whom the document was sent and/or to whom the information contained therein was disclosed; (d) the name(s) of the person(s) to whom a copy or copies of the document was sent and/or to whom the information contained therein was disclosed; (e) job title of every person named in (a), (b), (c) and (d) above; (f) date of the document; (g) the date on which the document was received; (h) a brief description of the nature and subject matter of the document; and (h) the statute, rule, or decision that is claimed to give rise to the privilege or other protection from disclosure.

3.    As to any portion of any Request that refers to documents that you are aware of and that were at one time within or subject to your possession, custody, or control, but that are not now within or subject to your possession, custody or control, identify such documents in a manner sufficient to describe them for a subpoena, and give the name, telephone number, and address of the person last known to have been in possession, custody or control of such documents.

4.      If any document called for by these Requests has been destroyed, lost, discarded, or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: (a) the name(s) of the sender(s) of the document; (b) the name(s) of the author(s) of the document; (c) the name(s) of the person(s) to whom the document was sent; (d) the name(s) of the person(s) to whom a copy or copies of the document was sent; (e) the date of disposal; (f) the manner of disposal; (g) reason for disposal; (h) person authorizing disposal; and (i) person disposing of document.

5.      If any responsive document is maintained in a computer-readable form, the document, including any associated metadata, shall be produced (a) in hard-copy form, in a format generally usable in the ordinary course of business, and (b) on disk, tape, or other form of computer storage, with instructions necessary to convert the information into reasonably usable form, including the name and version number of the program used to create or read the data.

6.      Requests for a document shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures and attachments to the document, in addition to the document itself.

7.      To facilitate the handling and return of the submitted documents, please mark each page with an identifying logo and number each page sequentially beginning with "000001." These marks should be placed in the lower right-hand corner of each page, but should not obscure any information on the document.

8.      If no documents are responsive to a particular subpoena request, please specify that you have no responsive documents.

9.      The use of the singular form of any word includes the plural, and vice versa.

## REQUESTS FOR PRODUCTION

**Request No. 1:**

All documents or communications relating to Visteon's solvency or insolvency.

**Request No. 2:**

All documents or communications relating to the value or valuation of Visteon or its financial condition, including but not limited to (a) Visteon's budgets, business plans, financial statements (except those included in SEC filings), trial balances, and projections or estimates of future financial performance, and (b) all documents or communications relating to, or any calculation, analysis, or evaluation of, Visteon's net income, expenses, revenues, EBITDA, cash and "excess cash," securities, equity, debt, notes, affiliates, joint ventures, subsidiaries, or investments, including but not limited to the value of Visteon's ownership interests in Halla Climate Control Corporation and Yanfeng Visteon Automotive Trim Systems Co., Ltd.

**Request No. 3:**

All documents or communications relating to Visteon's tax assets or tax liabilities, including but not limited to deferred tax assets, tax-sharing agreements, net operating losses, tax credits, and built-in-losses and any analyses of those assets or liabilities or their potential relationship to each other.

**Request No. 4:**

All communications between you and a bondholder, creditor, noteholder, director, officer, employee or agent of Visteon relating to Visteon, including, without limitation, all communications between you and any committee consisting of such persons or entities.

**Request No. 5:**

All documents or communications relating to the cash needed for the continued operation of Visteon.

**Request No. 6:**

All documents or communications relating to the actual or potential debt capacity or

leverage ratio of Visteon.

**Request No. 7:**

All documents or communications relating to your investment in or trading of Visteon's securities or debt, including, but not limited to, all documents or communications relating to (a) your considerations about whether to invest in Visteon securities or debt, (b) your communications with any other person or entity concerning any actual or contemplated investment in Visteon securities or debt, and (c) any purchases, sales, attempted purchases or attempted sales of Visteon's bonds, notes, bank debt, or shares of stock.

**Request No. 8:**

All communications relating to the equity holders of Visteon or their treatment under the Plan.

**Request No. 9:**

All documents or communications relating to the Plan or the Ancillary Agreements, including, without limitation, any communications between or among Visteon and any other person or entity (including, without limitation, creditors, financial institutions, or their agents, representatives, or advisers) relating to the Plan, the Ancillary Agreements, or any other type of reorganization plan, including any financing in connection with any such plan or agreement.

**Request No. 10:**

All documents or communications relating to the Disclosure Statement.

**Request No. 11:**

All documents or communications relating to or involving any financial advisors you have retained in connection with Visteon's Chapter 11 filing, to the extent that such documents or communications relate to Visteon.

**Request No. 12:**

      All documents or communications relating to the valuation, including but not limited to annual growth rates, EBITDA, net income levels, costs of goods sold, revenues, share price, equity value, debt ratios, and bond values, of companies comparable to Visteon, including but not limited to Johnson Controls, Inc., Hella KGaA, Behr GmbH & Co., Magna International, Inc., Harman International Industries, Inc., International Automotive Components Group, BorgWarner, Alpine Electronic, Inc., Continental AG, Denso Corp., Faurecia SA, and Valeo SA.

**Request No. 13:**

      All documents or communications relating to the financial performance and analyses of the automobile and automotive-parts industries, including but not limited to future sales projections.

**Request No. 14:**

      All documents or communications relating to production schedules for Visteon's products.

**Request No. 15:**

      All documents or communications relating to the Term Loan Facility (as defined in the Plan), including, without limitation, the existence or potential existence of any pre- or post-petition covenant breaches under the Term Loan Facility or the reinstatement of the Term Loan Facility.

**Request No. 16:**

      All documents or communications relating to the actual or potential provision of financing to Visteon.

**Request No. 17:**

All documents or communications relating to the actual or potential acquisition or sale, including but not limited to asset purchase agreements, offers to purchase, indications of interest, or letters of intent, of any of Visteon's assets, subsidiaries, or joint ventures, including but not limited to Halla Climate Control Corporation.

**Request No. 18:**

All documents or communications relating to dividends received by Visteon from its affiliates, joint ventures, subsidiaries or investments, including but not limited to those received as a result of its stake in Halla Climate Control Corporation.

8