IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| VISTEON CORPORATION, et al.,[1] ) | Case No. 09-11786 (CSS) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | Re. 3010 |

ORDER AUTHORIZING THE DEBTORS TO
ENTER INTO: (A) A PLAN SUPPORT AGREEMENT;
(B) AN EQUITY COMMITMENT AGREEMENT AND
TO PAY CERTAIN FEES IN CONNECTION THEREWITH;
AND (C) A CASH RECOVERY BACKSTOP AGREEMENT

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, "Visteon" or the "Debtors") for entry of an order authorizing Visteon pursuant to section 363(b)(1) of the Bankruptcy Code to: (a) enter into the Plan Support Agreement;[2] (b) enter into the Equity Commitment Agreement and to pay certain fees and expenses in connection therewith; and (c) enter into the Cash Recovery Backstop Agreement; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Visteon Corporation (9512); ARS, Inc. (3590); Fairlane Holdings, Inc. (8091); GCM/Visteon Automotive Leasing Systems, LLC (4060); GCM/Visteon Automotive Systems, LLC (7103); Infinitive Speech Systems Corp. (7099); MIG-Visteon Automotive Systems, LLC (5828); SunGlas, LLC (0711); The Visteon Fund (6029); Tyler Road Investments, LLC (9284); VC Aviation Services, LLC (2712); VC Regional Assembly & Manufacturing, LLC (3058); Visteon AC Holdings Corp. (9371); Visteon Asia Holdings, Inc. (0050); Visteon Automotive Holdings, LLC (8898); Visteon Caribbean, Inc. (7397); Visteon Climate Control Systems Limited (1946); Visteon Domestic Holdings, LLC (5664); Visteon Electronics Corporation (9060); Visteon European Holdings Corporation (5152); Visteon Financial Corporation (9834); Visteon Global Technologies, Inc. (9322); Visteon Global Treasury, Inc. (5591); Visteon Holdings, LLC (8897); Visteon International Business Development, Inc. (1875); Visteon International Holdings, Inc. (4928); Visteon LA Holdings Corp. (9369); Visteon Remanufacturing Incorporated (3237); Visteon Systems, LLC (1903); Visteon Technologies, LLC (5291). The location of the Debtors' corporate headquarters and the service address for all the Debtors is: One Village Center Drive, Van Buren Township, Michigan 48111.

[2] Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Equity Commitment Agreement, the Plan Support Agreement, and/or the Cash Recovery Backstop Agreement, or, if not defined therein, in the Motion.

K&E 16795360.7

matter pursuant to 28 U.S.C. §§ 157 and 1334 and that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED, DECREED AND ADJUDGED THAT:

1. The Motion is GRANTED as set forth herein.

2. All objections to the Motion or the relief requested therein, if any, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled with prejudice.

3. The Debtors are authorized to execute, deliver and implement the Equity Commitment Agreement, dated as of May 6, 2010, as amended from time to time in accordance with the terms therewith, the terms of which are hereby approved, and to take all actions necessary to perform their obligations thereunder. The Equity Commitment Agreement will be binding and enforceable against the Debtors and the Investors in accordance with its terms.

4. The Debtors are authorized to pay to the Investors in full in cash, in accordance with and subject to the terms of the Equity Commitment Agreement, including with respect to the timing of payments, the (a) Transaction Expenses, (b) Stock Right Premium and (c) Arrangement Premium. Payment of the Alternative Transaction Damages shall be subject to further Court approval as contemplated by the Equity Commitment Agreement.

5. The fees and expenses contemplated to be paid by the Debtors pursuant to the Equity Commitment Agreement (including the Transaction Expenses, the Stock Right Premium, and the Arrangement Premium) are hereby approved as reasonable and, except as expressly provided in the Equity Commitment Agreement, shall not be subject to any avoidance, reduction,

setoff, recoupment, offset, recharacterization, subordination (whether contractual, equitable, or otherwise), counterclaims, cross-claims, defenses, disallowance, impairment, or any other challenges under any applicable law or regulation by any person or entity.

6. The Transaction Expenses shall constitute an allowed administrative expense of the Debtors pursuant to section 503(b)(1) of the Bankruptcy Code.

7. The Debtors are authorized to provide and perform the indemnities set forth in Article IX of the Equity Commitment Agreement in accordance with the terms and conditions thereof.

8. The Debtors are authorized to enter into the Plan Support Agreement, as amended from time to time in accordance with the terms therewith, the terms of which are hereby approved, and are further authorized to enter into amendments to the Plan Support Agreement in accordance with the terms of the Plan Support Agreement.

9. The Debtors are authorized to enter into the Cash Recovery Backstop Agreement, the terms of which are hereby approved.

10. The Debtors are authorized to provide and perform the indemnities set forth in section 4.1 of the Cash Recovery Backstop Agreement in accordance with the terms and conditions thereof.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion and such actions shall not constitute a solicitation of acceptances or rejections of a plan pursuant to section 1125 of the Bankruptcy Code.

12. The automatic stay set forth in section 362 of the Bankruptcy Code is hereby lifted to permit the delivery of notice and termination of the agreements pursuant to their terms.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: **6/17**, 2010
Wilmington, Delaware

*[signature]*
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

K&E 16795360.7